W. M. COX v. ABERDEEN & ASHEBORO R. R. CO.

(Filed 19 November, 1908).

**Negligence—Evidence—Burden of the Issue—Burden of Proof—Instructions.**

> In an action to recover damages to plaintiff's property alleged' to have been negligently caused by sparks emitted from defendant's passing engine, when there was evidence tending to show negligence. *Held,* (1) It was error in the trial Judge to charge the jury, in effect, that if they found the evidence to be true there would be a presumption in law of defendant's negligence, and the burden of proof would be upon defendant to show to the contrary; (2) Plaintiff's evidence made out a *prima facie* case to the extent only of carrying the case to the jury to find whether or not the injury was caused by defendant's negligence; (3) The burden of the issue does not shift from plaintiff, while the burden of proof may do so. (*Winslow v. Hardwood Co.,* 147 N. C., 275, cited and approved).

ACTION tried before *Webb, J.,* and a jury, July Term, 1908, of RANDOLPH. Defendant appealed.

*Morehead & Sapp* and *Elijah Moffitt* for plaintiff.

*J. T. Brittain, Adams, Jerome & Armfield, W. J. Adams* and *J. A. Spence* for defendant.

WALKER, J. This action was brought to recover damages for burning the plaintiff's timber. There was a verdict for the plaintiff and judgment was rendered thereon. Defendant appealed. The evidence tended to show that the fire was caused by sparks emitted from one of the defendant's engines. With respect to this evidence, the Court charged the jury as follows: "If you find from the evidence that the fire which injured the plaintiff's property escaped from the defendant's engine, there is a presumption in law of negligence on the part of the defendant in the operation of its train, and in that event, the burden of proof is cast upon the defendant to satisfy you that it was not negligent in the respect complained of." To this instruction exception was duly taken, and we

think it was erroneous. It evidently made the impression upon the jury that the emission of the sparks raised a legal presumption of the defendant's liability and shifted the burden of proof to the defendant, in the sense that it had failed to satisfy them that there was no negligence; in other words, that its engine was properly equipped and operated, they should return a verdict for the plaintiff. This charge is not sustained by the decisions of this Court. The presumption is one of fact and not law. Evidence that the sparks were emitted from the engine and that they set fire to the timber, made a *prima facie* case for the plaintiff, but only to the extent of being evidence sufficient to carry the case to the jury and to warrant a verdict in favor of the plaintiff, if the jury should find the ultimate or crucial fact that the fire was caused by the defendant's negligence. In the recent case of *Winslow v. Hardwood Co.,* 147 N. C., 275, we said: "The burden of (establishing) the issue does not shift, but the burden of proof may shift from one party to the other, depending upon the state of the evidence. When the plaintiff introduces testimony in a case of this kind to the effect that the injury to him was caused by the derailment of a train, it is sufficient to carry the case to the jury; but the burden of the issue remains with the plaintiff, though the burden of proof may shift to the defendant in the sense that, if he fails to explain the derailment by proof in the case, either his own or that of the plaintiff, he takes the chance of an adverse verdict, for then the jury may properly conclude that the plaintiff has established the affirmative of the issue as to negligence by the greater weight of the testimony. But the defendant is not required to overcome the case of the plaintiff by a preponderance of the evidence." This fits our case exactly, and distinctly shows the error in the instruction of the Court. Judge Elliott states the general rule which applies in cases of this kind with clearness and accuracy, when he says: "The burden of the issue, that is, the burden of proof in the sense

of proving or establishing the issue or case of the party upon whom such burden rests, as distinguished from the burden or duty of going forward and producing evidence, never shifts, but the burden or duty of proceeding or going forward often does shift from one party to the other, and some times back again. Thus, when the actor has gone forward and made a *prima facie* case, the other party is compelled in turn to go forward or lose his case, and in this sense the burden shifts to him. So the burden of going forward may, as to some particular matter, shift again to the first party in response to the call of a *prima facie* case or presumption in favor of the second party. But the party who has not the burden of the issue is not bound to disprove the actor's case by a preponderance of the evidence, for the actor must fail if, upon the whole evidence, he does not have a preponderance, no matter whether it is because the weight of evidence is with the other party or because the scales are equally balanced." 1 Elliott on Evidence, 139. We have approved the rule, as thus stated by Judge Elliott, and notably in *Board of Education v. Makely,* 139 N. C., 31, and *Shepard v. Telegraph Co.,* 143 N. C., 244. The charge of the Court was, we think, contrary to the principle established by those and the following cases: *Overcash v. Electric Co.,* 144 N. C., 572; *Ross v. Cotton Mills,* 140 N. C., 115; *Stewart v. Carpet Co.,* 138 N. C., 60; *Womble v. Grocery Co.,* 135 N. C., 474; *Stanford v. Grocery Co.,* 143 N. C., 419, and *Furniture Co. v. Express Co.,* 144 N. C., 644.

There was, therefore, error in the charge, in the respect indicated, which entitles the defendant to another trial.

New trial.