JAMES C. AUSTIN v. SEABOARD AIR LINE RAILWAY.

(Filed 22 January, 1924.)

**Carriers of Goods—Railroads—Negligence—Burden of the Issue—Prima Facie Case—Instructions—Appeal and Error—New Trials.**

Upon evidence tending to show that damage was caused to a carload shipment of livestock, received in good condition by the carrier by fire at one of the carrier's stations, *in transitu*, the fact that the damages were thus caused while the shipment was in the carrier's possession raises only a *prima facie* case of negligence on the carrier's part, and does not shift the burden of the issue of its negligence to it from the plaintiff, and an instruction that places upon the defendant the burden of disproving its own negligence is reversible error.

CLARK, C. J., dissenting.

APPEAL by defendant from *Lyon, J.,* at August Term, 1923, of UNION.

Civil action. Plaintiff alleged and offered evidence tending to show that in October, 1921, he shipped a carload of high-grade cattle over defendant's road consigned to himself at Marshville, N. C., and the car containing the cattle was destroyed by fire when the same was on a station siding at Rockingham, N. C., and some of the cattle were killed and others seriously injured. That the fire was caused by sparks from the engine of another freight train of the company passing the station at the time, and the injury was due to defendant's negligence. There was denial of negligence on part of defendant or any liability arising therefrom and the cause was submitted to the jury, the questions determined in the following issues:

1. Were the cattle of plaintiff killed and injured by reason of the negligence of defendant, as alleged in the complaint? Answer: Yes.

2. What damages, if any, is plaintiff entitled to recover? Answer: $7,500.

C. (As to the negligence alleged, if the jury find from the evidence and by its greater weight that the cattle were injured while in the custody of the railroad company, the burden of proof is on the railroad company to exculpate itself. In a shipment of livestock the burden is on the railroad company to show that injuries in transportation were not caused by its negligence.) D.

To that portion of his Honor's charge in parentheses between the letters C and D the defendant objects and excepts.

E. (The jury are instructed that if the plaintiff has satisfied them by the greater weight of the evidence that it delivered to the Seaboard Air Line Company at Raleigh, North Carolina, a carload of cattle in good order and condition to be transported by said railroad company to Marshville, N. C., and that said cattle were injured by burning while

in the car of the railroad company at Rockingham, North Carolina, then the plaintiff has made out a *prima facie* case of negligence.) G.

To that portion of his Honor's charge in parentheses between the letters E and G the defendant objects and excepts.

And the jury are further instructed that the origin may be established by circumstantial evidence, and that it is not necessary that any witness should testify that he saw sparks coming from the engine. H. (If the jury find from the evidence, and by the greater weight thereof, that the plaintiff's cattle were delivered to the defendant at Raleigh, North Carolina, in good order and condition, and that they were injured by it at Rockingham, North Carolina, then the law raises the presumption that the said cattle were injured as a result of the negligence of the defendant railroad company, and if the jury so find it is not necessary that the plaintiff point out to the jury the particular acts of negligence causing the fire, but the burden of proof rests on the defendant railroad company to show that it was not guilty of any negligence, and unless the defendant has so satisfied the jury they should answer the first issue Yes.) I.

To that portion of his Honor's charge in parentheses between the letters H and I the defendant objects and excepts.

There was judgment on the verdict for the plaintiff and the defendant company appealed assigning, among other errors, the portion of the charge above stated.

*John C. Sykes and Parker & Craig for plaintiff.*
*Cansler & Cansler and Vann & Milliken for defendant.*

HOKE, J. For reasons satisfactory to himself, no doubt owing to certain stipulations of the bill of lading restrictive of the amount recoverable on any other theory, plaintiff has elected to prosecute his claim on the ground of negligence, and the cause has been heard and determined throughout on that issue. Considering the case then, in that aspect, there is error in the charge appearing in the above exceptions in that they place on the defendant company, under the conditions suggested, the burden of disproving negligence and thereby changing the burden of the issue to defendant's prejudice. A charge substantially similar was held for reversible error in a case at the present term of *McDowell v. R. R.,* 186 N. C., 571, in which it was held as follows: "Upon conflicting evidence as to whether defendant railroad company's train, in passing the plaintiff's premises adjoining the right of way over which it passed, set afire and destroyed the plaintiff's dwelling, the finding of the fact by the jury that the fire was caused by sparks from the train is only sufficient evidence upon which the jury

may find the issue of negligence in the plaintiff's favor, and does not relieve him of the burden to establish the issue of negligence by a preponderance of the evidence." "Where the burden of the issue remains upon the plaintiff to show negligence of the defendant railroad company in causing him damage by setting fire to his property by the passing of its train, with a defective spark-arrester, it is reversible error for the trial judge to charge the jury that if they found the fire was caused by sparks from the defendant's locomotive, the burden of the issue would shift to it to disprove its negligence as the cause of the damage, the plaintiff's evidence being sufficient only to sustain a verdict on the issue, if rendered in the affirmative."

And speaking to the question in the opinion the Court said:

"The question presented has been the subject of extended discussion in this Court, and there has been some variety of decision concerning it, but it is the settled ruling of the later and prevailing cases that where it is shown that the property of a claimant has been destroyed by fire communicated from defendant's train, that will make a *prima facie* case carrying the issue of liability to the jury, and of itself and without more is sufficient to justify a verdict as for a negligent wrong."

"In numbers of cases, particularly of the former time, it is said that the facts suggested raise a presumption of negligence, but, as shown in *Overcash v. Electric Co.,* 144 N. C., 572-582, and other cases, it is but evidence and termed presumptive only in the sense as stated, that it permits and justifies an inference of liability if the jury are thereby satisfied that a negligent wrong is established, and it should never have the effect of changing the burden of the issue by putting on the defendant, as was done in the present instance, the burden of disproving the negligence charged by the greater weight of the evidence."

"Again, it is said in other decisions that when the facts suggested have been made to appear, it is the duty of the defendant to go forward with his proof; but this does not at all mean that, as a matter of law, defendant is required to offer proof in rebuttal, but only that if he fails to offer evidence in explanation of the conditions presented, he takes the risk of having a valid verdict rendered fixing him with liability."

And *White v. Hines,* 182 N. C., 276; *Page v. Mfg. Co.,* 180 N. C., 330-334; *State v. Wilkerson,* 164 N. C., 432; *Brock v. Ins. Co.,* 156 N. C., 112; *Cox v. R. R.,* 149 N. C., 117; *Winslow v. Hardwood Co.,* 147 N. C., 275; *Overcash v. Electric Co.,* 144 N. C., 572; *Stewart v. Carpet Co.,* 138 N. C., 60; *Womble v. Grocery Co.,* 135 N. C., 474; *Sweeney v. Erving,* 228 U. S., 233, are in full approval of the position. As stated in the *McDowell case, supra,* there has been some confusion in the application of the true principle, under the conditions suggested, growing chiefly out of the unfortunate use of the terms "presumption of

fact," "burden of proof," "changing," "duty of defendant to go forward," etc. A very intelligent and helpful comment on these and other like expressions appears in the valuable "Handbook on the Law of Evidence," by Prof. Lockhart, at sec. 228, and showing, among other things, as applicable to the question as usually presented in these cases, that there is not presumption of fact in any proper sense of the term, but only permissible inferences of fact if the jury see proper to adopt them. And in cases of the kind suggested on an issue of negligence of defendant, the burden of the issue is upon the plaintiff, but where it appears that goods have been shipped with a common carrier in good condition and have been lost or· delivered in an injured condition, or where claimant's property has been destroyed or injured by fire communicated from defendant's engine or train, or where one, a passenger or employee, has been killed or injured by a collision or derailment of trains, and these basic facts are established by the greater weight of the evidence, a proper charge would be that they constitute or present a *prima facie* case, carrying the question of liability to the jury on the issue and without more justifying the inference of negligence if the jury so find.

For the error indicated defendant is entitled to·a new trial and it is so ordered.

Error.

CLARK, C. J., dissenting: As stated in the opinion of the Court: "The plaintiff shipped a carload of high-grade cattle over the defendant's road consigned to himself at Marshville, N. C., and the car containing the cattle was destroyed by fire when the same was on a station siding at Rockingham, N. C., and some of the cattle were killed and others seriously injured." The allegation in the complaint is that the fire was caused by sparks from the engine of another freight train of the company passing the station at the time, and the injury was due to defendant's negligence. There is denial of negligence on the part of the defendant and the single inquiry submitted to the jury (besides that of the amount° of damages) was: "Were the cattle of the plaintiff killed and injured by reason of the negligence of the defendant, as alleged in the complaint?" To which the jury responded, "Yes," and assessed the damages.

The jury were instructed that "if the plaintiff had satisfied them by the greater weight of the evidence that he delivered to the Seaboard Air Line Railroad Company, at Raleigh, a carload of cattle in good order and condition to be transported by said railroad company to Marshville, N. C., and that said cattle were injured·by burning while in the car of the railroad company at Rockingham, N. C., then the plaintiff has made a *prima facie* case of negligence." To this the defendant excepted.

The jury were further instructed: "If the jury find from the evidence and by the greater weight thereof that the plaintiff's cattle were delivered to the Seaboard Air Line Railroad Company, at Raleigh, in good order and condition and that they were injured by it at Rockingham, N. C., then the law raises the presumption that the said cattle were injured as a result of the negligence of the defendant railroad company and if the jury so find it is not necessary that the plaintiff point out to the jury the particular acts of negligence causing the fire, but the burden of proof rests on the defendant railroad company to show it was not guilty of any negligence, and unless the defendant has so satisfied the jury they should answer the first issue 'Yes,' " and the defendant again excepted. These are the only exceptions held for error, upon which the plaintiff is subjected to the delay and great expense of another trial because the judge did not follow the language of a law-writer (whose work he may or may not have read) and tell the jury that "there was not presumption of fact in proper sense of the term, but only permissible inferences of fact if the jury see fit to adopt them," and further should have told them "Where it appears that goods have been shipped by the common carrier in good condition and have been lost or delivered in an injured condition or where claimant's property has been destroyed or injured by fire communicated from defendant's engine or train, or when a passenger or employee has been killed or injured by a collision or derailment of trains, and these basic facts are established by the greater weight of the evidence, a proper charge would be that they constitute or present a *prima facie* case, carrying the question of liability to the jury on the issue and without more justifying the inference of negligence if the jury so find."

The language used by the court was a plain common-sense ruling as to the duties of common carriers which prevailed for hundreds of years without detriment therefrom to shippers or carriers and has never been changed by any statute. The jury could understand what the court told them and there can be no reasonable doubt that it did in this case. In the language now suggested as a substitute it is more than doubtful if the average juror could understand any difference between that and what is suggested as a more perfect language that should be used. The object of a trial by jury should be the ascertainment of the facts in controversy and the language used by the judge was not only consecrated by the usage of centuries, but was a plain statement of what was submitted to them and could not confuse the jury. It was the every-day language of practical men and not the cloistered lucubrations of scholars.

The defendant accepted the cattle for transportation and assumed the duty of their delivery in good condition. Not having done so, the

burden was on the carrier to show that failure to do so was without fault on its part.  The jury have found that the carrier has not done this.

It is admitted by the defendant that the destruction of the cattle was caused by the burning of the car; that the car belonged to the defendant; that it was a part of one of the defendant's trains; that it was in one of the defendant's yards, and that it was surrounded by defendant's agents and servants and that defendant's trains were passing by.  In such case the origin of the fire is peculiarly a matter within the knowledge of the defendant.

When the plaintiff proved the delivery of the animals to defendant and their destruction while in transit (which is indeed admitted) then the burden was upon defendant to exculpate himself and the charge above set out was correct.  The contract of safe carriage is assumed by the defendant.

If the carrier does not assume the burden of excusing himself from loss or damage in transportation when it has been admitted that these occurred in the carriage of freight, then all the rules which govern the transportation of freight are revolutionized and there has been no statute which has authorized a change of this well-settled principle of law.

Whether there was excuse for the defendant was a matter within its own knowledge which could only be settled by the testimony of witnesses and the verdict of a jury.  For many hundreds of years issues of fact have been thus settled and the only burden ever imposed has been that the plaintiff must prove his allegation to the satisfaction of the jury and that when the damage or destruction has occurred in the course of transportation it devolves upon the carrier to prove in like manner to the satisfaction of the jury the grounds upon which it should be excused from liability for its default in safe carriage.

This is an important matter to all shippers of freight throughout the country.  In *McDowell v. R. R.*, 186 N. C., 579, the writer in the dissenting opinion pointed to the fact that "There has been no statute whatever in North Carolina, nor any indication of one, laying down a rule requiring the complicated disquisition to the jury which can have no effect except to divert attention from the matter which the jury are to determine," and said:

"Some fifteen or twenty years ago some dreamer or idealist conceived the design of splitting up the simple burden which the jury could understand, of 'fully satisfied' and 'by the greater weight of the evidence' and procured this Court to hold, as he had previously persuaded some others to hold, that the burden of proof should be split up, and there then began the installation of the doctrine of the 'burden of proof'

shifting and then there was the addition of the 'burden of the issue,' and then that these could shift, and then some ingenious and metaphysical word-carpenter added the doctrine of *prima facie* case and when that would carry the burden of liability to the jury or not, and the doctrine of *res ipsa loquitur* and the presumption of law and presumption of fact and as to which of these was preponderant, and when each of them should prevail and when they should shift back and when it was requisite to tell the jury as to these different shiftings backwards and forwards. The result has been so to entangle the matter that it is safe to say that there is not a judge presiding in any trial court in North Carolina today who can, with any safety of being affirmed on appeal, charge the jury as to these various weighty matters as to whether the burden of the *prima facie* case, or the burden of proof, or the burden of the issue or either of the presumptions should shift or exactly when it should shift and at what particular time it should be transferred, and whether and when the party shifting or transferring 'should go forward with proof,' and many other equally intelligible refinements.

"Instead of the law being simplified it has been inextricably confused, and it has been made impossible for any judge to assert with certainty that he has complied with these difficult and numerous complicated and embarrassing requirements which have been substituted for the old-fashioned, age-long requirement, which alone juries can understand and do understand, as to which side has the burden of proof. 'By the multitude of words counsel has been darkened.' "

Also "If this innovation had been brought about by any statute there might have been some clear form of expression prescribed which would enable the judges to guess as to the various phases of these technicalities and the exact time and the exact shifting of the preponderance of these various matters, and the indications that would foreshadow and adumbrate them, and to what extent they may go."

Again that opinion says: "The greatest trouble in the introduction of so many technicalities, so many ways of 'distinguishing and dividing a hair betwixt south and southwest side,' is the enormous and overwhelming advantage it gives wealthy suitors and corporations in delaying trials, making them costly, not only by the refinements as to the burden of these imperceptible distinctions as to who, at a given moment is chargeable with the burden upon any given point, but by insuring, as in this case, a new trial upon some perfectly immaterial and irrelevant matter which, no matter how it had been charged, according to the new rules, would not have made any difference to the jury who could not have understood such refinements."

Though the innovation above set out first appeared in this Court upon a divided opinion of three judges to two, without the authority of any statute, its continuance is practically making it impossible for any man with ordinary means to contest with the numerous able counsel of great corporations whenever there has been a failure of the carrier to carry out the plain and simple contract to carry and deliver the shipment safely or to show good legal cause why it has failed to do so; and to require these complicated charges as to the shifting of proof and other "shifts" above recited, will practically enable the carrier to get a new trial in every case and whether successful or not in the long run, the plaintiff will have lost the value of the shipment in the costs and loss of time and annoyances of litigation.

The public interest requires the earliest and promptest return to the requirement of hundreds of years which is simply that the burden of proving the acceptance of the goods by the carrier and its nondelivery in good condition according to contract, and this being proven or admitted (as in this case) the burden then devolves upon the carrier to show matter in excuse. The additions to these simple requirements by a divided Court, as above stated, cannot result in other than making more difficult the administration of the law in all such cases.