STATE v. ROBY SPENCER.

(Filed 8 April, 1936.)

**1. Automobiles C c—**

Driving an automobile in excess of 45 miles per hour in the country on a public highway is *prima facie* evidence that the speed is unlawful, ch. 311, sec. 2, Public Laws 1935, but an instruction that the law prohibits a speed in excess of 45 miles per hour is erroneous.

**2. Automobiles F b—**

In this prosecution for manslaughter, resulting from an automobile accident, defendant *is held* entitled to a new trial for error in the charge applying the test of civil liability rather than of criminal responsibility.

APPEAL by defendant from *Clement, J.,* at September Term, 1935, of RANDOLPH.

Criminal prosecution, tried upon indictment charging the defendant and another with manslaughter.

There is evidence tending to show that on the night of 19 May, 1935, the defendant, while intoxicated, was driving an automobile on Highway No. 70, at an excessive rate of speed, on the wrong side of the road, when he collided with another car, driven by Amos Kearns, and in which Aileen Luther was riding. Shortly after the collision Aileen Luther was found dead in the Kearns car.

There is also evidence from which the jury could infer that the deceased met her death as a result of the collision. There is other evidence tending to show that she was dead before the collision occurred.

The judge charged the jury "the law provides that one shall not drive an automobile at a greater rate of speed than 45 miles an hour out in the country on the public highway." Exception.

Verdict: Guilty as charged in bill of indictment.

Judgment: Imprisonment in State's Prison for not less than eight nor more than twelve years.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*
*J. V. Wilson and H. M. Robins for defendant.*

STACY, C. J. It is conceded in the State's brief the trial court was inattentive to ch. 311, sec. 2, Public Laws 1935, which provides that driving faster than 45 miles per hour, under conditions here described, "shall be *prima facie* evidence that the speed is not reasonable or prudent, and that it is unlawful."

It also appears from a careful perusal of the charge as a whole that the test of civil liability, rather than that of criminal responsibility, was applied in determining the defendant's guilt. *S. v. Cope,* 204 N. C., 28, 167 S. E., 456.

This necessarily works a new trial. It is so ordered.

New trial.