This is a criminal action, in which the defendant was tried on an indictment charging him with manslaughter.
The evidence at the trial showed that at or about 12:30 o'clock on the night of 14 September, 1935, there was a collision on a State highway in Guilford County, about 3 miles from the city of High Point in the direction of the city of Winston-Salem, between an automobile driven by the defendant Columbus Webber and an automobile driven by the deceased, Gorrell Burge; and that as the result of said collision, Gorrell Burge suffered personal injuries from which he died at a hospital in the city of High Point within a few days after said collision.
The evidence for the State tended to show that at the time of the collision the defendant was driving his automobile at a speed of from 50 to 55 miles per hour, on or near the center of the highway, and that the deceased was driving his automobile at a speed of from 30 to 35 miles per hour on his right side of the highway. The evidence for the State tended to show further that the defendant at the time of the collision was driving his automobile in a reckless and careless manner.
The evidence for the defendant tended to show that at the time of the collision he was driving his automobile at a speed of from 15 to 20 miles per hour, and that he was driving on his right side of the highway. The evidence for the defendant tended to show further that immediately before the collision the deceased, who was driving in the rear of another automobile, turned to his left, and was passing the other automobile when the collision occurred.
At the close of all the evidence the defendant moved that the action be dismissed by judgment as of nonsuit. The motion was denied, and the defendant duly excepted.
Among other things, the court charged the jury as follows:
"Now, gentlemen of the jury, as I told you at the outset, the burden is on the State to satisfy you beyond a reasonable doubt of the defendant's guilt. There is no burden on the defendant to show that he is not guilty. He may, though, show affirmatively, if he can, and he contends in this instance that all the evidence shows that he is not guilty, or that at least all the evidence should cause you to have remaining in your minds a reasonable doubt of his guilt, and that therefore you should acquit him. *Page 139 
"The State says, to the contrary, that when you have analyzed the testimony in its entirety you should find that the deceased, Gorrell Burge, came to his death as the proximate result of the culpable negligence of the defendant.
"Now, what is culpable negligence? Negligence is failure to perform some legal duty that one owes to his fellow man, or that is imposed upon one by law. The driving on the left-hand side of a highway by a driver of an automobile, when the driver's side of the road is not obstructed, when the whole road is open, is negligence per se. That is a violation of law. Driving at 50 to 55 miles per hour is a violation of law. Such driving is negligence per se. If the defendant was driving his automobile at the time of the collision at a speed of from 50 to 55 miles per hour, or was driving on the left side of the highway, he was violating the law. In either case he was negligent as a matter of law.
"The law says that either is sufficient to sustain a recovery in a civil action, but it says that for a conviction in a criminal case there must be more than causal negligence, there must be more than the negligence that is required for a recovery in a civil action. The negligence must be culpable.
"Culpable negligence is wanton, willful, heedless disregard of the rights of others, and when negligence has added to it wanton and heedless disregard, recklessness, then it rises to the degree of what we call in law culpable or criminal negligence."
The defendant in apt time duly excepted to so much of the charge as instructs the jury that "If the defendant was driving his automobile at the time of the collision at a speed of 50 to 55 miles per hour, or was driving on the left side of the highway, he was violating the law. In either case, he was negligent as a matter of law."
The jury returned a verdict that defendant is guilty of involuntary manslaughter.
From judgment that he be confined in the State's Prison for a term of not less than fifteen months or more than three years, the defendant appealed to the Supreme Court, assigning errors in the trial.
On his appeal to this Court, the defendant contends that there was error in the refusal of the trial court to allow his motion at the close of all the evidence for judgment as of nonsuit. C. S., 4643. This contention cannot be sustained. The evidence for the State, although *Page 140 
sharply contradicted by the evidence for the defendant, was sufficient to support a verdict that the defendant is guilty as charged in the indictment, and for that reason was properly submitted to the jury. S. v.Everhardt, 203 N.C. 610, 166 S.E. 738.
The defendant further contends that there was error in the instruction of the trial court to the jury that "If the defendant was driving his automobile at the time of the collision at a speed of from 50 to 55 miles per hour, or was driving on the left side of the highway, he was violating the law. In either case, he was negligent as a matter of law." This contention must be sustained. S. v. Spencer, 209 N.C. 827, decided 8 April, 1936.
It is evident that the learned judge who presided at the trial of this action was inadvertent to the change in the law resulting from the enactment of sec. 2, ch. 311, Public Laws of North Carolina, 1935, which provides that driving an automobile on a highway or public road in this State at a speed in excess of 45 miles per hour, under conditions as shown by all the evidence in the instant case, "shall be prima facie evidence that the speed is not reasonable or prudent, and is unlawful." By reason of this statute, driving an automobile on a highway or public road in this State, since its enactment, at a speed in excess of forty-five miles per hour is not negligence per se or as a matter of law, as was the case prior to its enactment.
For this error, the defendant is entitled to a new trial. It is ordered.
New trial.