MRS. ERIE M. WOODS v. GEORGE FREEMAN.

(Filed 23 March, 1938.)

**1. Trial § 22b—**

On a motion to nonsuit the testimony must be considered in the light most favorable to plaintiff.

**2. Automobiles §§ 8, 18g—Whether injury was result of unavoidable accident or of negligence of driver held for jury upon the evidence.**

The evidence for both plaintiff and defendant tended to show that the car in which plaintiff was riding and the truck owned by defendant approached each other from opposite directions, that two men were fighting on the shoulder of the road to the truck's right, and that at approximately the same time one of the men suddenly quit the fight and ran out on the highway in front of the truck, that the truck driver turned to the left to avoid hitting him, since he could not turn to the right without hitting the man still standing on the shoulder of the road, and that the truck hit the car in which plaintiff was riding on the truck's left side of the highway, the driver of the car having also turned to his right. Plaintiff introduced further evidence that the truck was traveling at an excessive speed and that the driver of the truck failed to slow down or apply his brakes. *Held:* Whether the driver of the truck was confronted with a sudden emergency and the accident was unavoidable, or whether the driver of the truck was negligent in driving at an excessive speed and in failing to apply his brakes, and whether either or both of these acts or omissions, if established, was a proximate cause of the injury, is for the determination of the jury upon proper instructions.

**3. Automobiles § 18h: Negligence § 20—Court should charge jury that negligence must be proximate cause in order for plaintiff to recover.**

In an action to recover for injuries received in an automobile accident upon allegations of negligence, it is error for the court to instruct the jury that if defendant was negligent in the respects pointed out, they should return a verdict for plaintiff, since such instruction fails to take into consideration the element of proximate cause, but where the charge elsewhere instructs the jury that plaintiff could not recover unless defendant was responsible for negligence which proximately caused the injury, the charge may be held without error when construed contextually.

**4. Automobiles §§ 12a, 18h—Speed in excess of statutory restriction is prima facie unlawful but does not constitute negligence per se.**

A speed in excess of the statutory restrictions is *prima facie* evidence that the speed is not reasonable or prudent and that it is unlawful, but it

WOODS *v.* FREEMAN.

does not establish that the speed is unlawful as a matter of law, and is not *prima facie* proof of proximate cause, and does not make out a *prima facie* case, and an instruction that such speed constituted *prima facie* evidence of negligence, and if the jury should so find they should answer the issue of negligence in the affirmative, is erroneous.

**5. Evidence § 55—Effect of prima facie case.**

A *prima facie* case does not require an affirmative finding for plaintiff, or change the burden of proof, its effect being merely to take the case to the jury for its determination of the issue, and subject defendant to the risk of an adverse verdict in the absence of evidence in rebuttal.

**6. Automobiles § 18h—Charge held for error in inadvertently imposing wrong statutory speed restriction.**

An instruction applying the statutory speed restriction of 25 miles per hour for trucks in an incorporated town (ch. 148, Public Laws of 1927) must be held for error when the evidence discloses that the accident occurred outside the corporate limits and not at an intersection, the statutory restriction of 35 miles per hour being applicable. (Ch. 311, Public Laws of 1935.)

APPEAL by defendant from *Alley, J.,* at November-December Term, 1937, of HENDERSON. New trial.

This is a civil action instituted by the plaintiff to recover compensation for personal injuries she alleges she sustained as the proximate result of the negligent operation of a truck being driven at the time by the agent and employee of the defendant. The defendant admits that M. J. Taylor on 29 August, 1936, at the time of the collision complained of, was operating defendant's truck as defendant's agent, servant and employee, within the scope of his authority.

The plaintiff was a passenger upon an automobile being operated by Mrs. E. M. Jarrett. The automobile was being driven in a northerly direction on the Hendersonville-Asheville highway and was approaching the village of Fletcher. The truck of the defendant was being operated in the opposite direction and had just passed through said village.

As the automobile approached the point of the collision the driver observed two men on the shoulder of the road on her left-hand side fighting, and one of the men suddenly quit the combat and ran out into the road. Mrs. Jarrett immediately turned her car to the right and stopped, with the car partly on the shoulder. The driver of the truck, who was coming from the opposite direction, turned his car to the left when the man ran into the road and drove the truck into the car, inflicting certain personal injuries upon the plaintiff.

The plaintiff's car had just passed a slight curve and the truck had just passed a curve about 75 yards back, and had also driven some distance beyond the restricted speed limit section of Fletcher. At the

WOODS *v.* FREEMAN.

point of collision the road was straight for some distance in each direction. The plaintiff alleges that defendant's agent was an incompetent driver and not capable of performing the duties assigned to him as a truck driver, to the knowledge of the defendant, and that said agent was negligent in that he was operating the truck in a reckless and negligent manner at an excessive speed and in utter disregard of the rights, lives, and safety of the plaintiff or other persons.

At the conclusion of plaintiff's evidence the defendant moved to dismiss as of nonsuit. The motion was overruled and the defendant excepted. The defendant having offered no evidence, the usual issues of negligence and damage were submitted to and answered by the jury in favor of the plaintiff. Upon the coming in of the verdict judgment was entered thereon, and the defendant excepted and appealed.

*M. F. Toms and A. J. Redden for plaintiff, appellee.*
*R. L. Whitmire for defendant, appellant.*

BARNHILL, J. The defendant, upon this appeal, presents but two questions: (1) Did the court err in overruling defendant's motion as of nonsuit? (2) Was there error in the charge on the first issue?

The defendant alleged and contended that one of the men fighting on the shoulder of the road suddenly ran out into the highway and immediately in front of the defendant's truck, just as his truck and the car occupied by the plaintiff were meeting on the highway, and that this created a sudden emergency; that the driver, being suddenly confronted with a perilous and dangerous situation, and with no time in which to think, suddenly turned the truck to the left of the highway in an effort to avoid hitting and killing a man in the road, resulting in a collision between the truck and the car. He alleges and contends that this was an unavoidable accident, not produced by any negligent or wrongful act of the driver of the truck. The plaintiff's testimony tends strongly to support the defendant's allegation and to exculpate the defendant's agent from any negligent or wrongful act. She testified: "When he swerved from his side into us his car was at least five feet in front of us. . . . When I first saw it coming the truck was on its right side of the road and remained on its right side of the road until this man suddenly ran out into the highway. . . . When the two cars were about to pass, one of these men dashed out into the highway and the other man stayed on the shoulder, which was to the right of the truck. The other man who stayed on the shoulder, which was to the right of the truck, was standing on the shoulder about two or three feet off the pavement. . . . It happened very suddenly. As a matter of fact, the man ran out into the highway and the truck swerved to the left and our car

swerved to the right almost at the same time; these things happened almost at the same time. . . . The truck swerved to the left and our car swerved to the right and that all three of these things happened about the same time." Accepting this testimony as a true picture of the occurrence it would seem that the driver of the truck was faced with the necessity of making a quick decision without time for consideration. If he drove his truck to the right on the shoulder he would strike the man standing there. If he continued on down the road he would strike the man running in front of him; if he turned to the left he would likely strike the car occupied by the plaintiff.

It is, however, a well-established rule that in considering a motion of nonsuit the testimony must be considered in the light most favorable to the plaintiff. There is testimony in the record that defendant was going thirty or forty miles per hour; that he began to cut his car to the left about 75 feet from the point where the cars actually collided; that he did not slow down or apply his brakes; that the man running in the road was dodging in an attempt to avoid colliding with the truck, and that the driver of the truck was likewise cutting it to prevent such a collision, but the driver was not applying the brakes or slowing down. It was for the jury to say upon all the testimony whether the defendant was going at an unreasonable rate of speed and whether, in the exercise of reasonable care, he could and should have stopped his truck. That is, whether the truck was a sufficient distance away when the party ran into the road for the driver of the truck, in the exercise of ordinary care, to apply his brakes and stop the truck before colliding either with the man or the car, whether his failure to apply brakes and stop the car and whether the speed at which he was going, either or both, proximately caused the collision. It would seem, therefore, that there was no error in denying the motion to nonsuit.

In its charge upon the first issue the court instructed the jury: (1) "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing, but where no special hazard exists the following speed limits shall be lawful, but any speed in excess of said limits shall be *prima facie* evidence that the speed is not reasonable or prudent and that it is unlawful: Twenty miles an hour in a business district; twenty-five miles an hour for motor vehicle designed, equipped for or engaged in transporting property, and twenty miles per hour for motor vehicles to which trailers are attached. Now, that was the law when this accident occurred." And (2) "So, bearing in mind the instructions I have given you with reference to the first issue, I charge you that if you find, by the greater weight of the evidence, that on the occasion in question plaintiff was in her car, driven by Mrs. Jarrett, on her way to Asheville, and that as

she approached the town of Fletcher, driving on her right side of the road, she saw the defendant's truck coming down the road, driven by M. J. Taylor, and that he was driving in excess of twenty-five miles per hour, why then that would constitute *prima facie* evidence of negligence, and if you so find, by the greater weight of the evidence, it would be your duty to answer the first issue 'Yes.' "

This charge is erroneous in three aspects: (1) It fails to take into consideration the element of proximate cause; (2) it gives *prima facie* evidence the force and effect of evidence establishing negligence *per se,* and (3) it incorrectly states the statutory restrictions upon the speed of an automobile, violation of which constitutes *prima facie* evidence that the speed is not reasonable or prudent and is unlawful.

The court had theretofore instructed the jury that before plaintiff could recover it must appear that the negligent act of the defendant, if any, was the proximate cause of the injury. Considered contextually it may be said that the charge was not erroneous in that it failed to properly state the law in respect to proximate cause.

Under the charge as given, if the jury found that the driver of the truck was operating the same at a rate of speed in excess of twenty-five miles per hour, an affirmative answer to the first issue was required. This is not the force and effect of *prima facie* evidence. *Prima facie* evidence unrebutted will support, but does not require, a verdict in favor of the party having the burden of proof. It does not change the burden of proof. The opposing party only takes the risk of an adverse verdict if he fails to offer evidence in rebuttal. *White v. Hines,* 182 N. C., 275. The case is carried to the jury on a *prima facie* showing, and it is for them to say whether or not the crucial and necessary facts have been established. *Cox v. R. R.,* 149 N. C., 117. Speaking to the subject in *Brock v. Ins. Co.,* 156 N. C., 112, *Walker, J.,* said: "The *prima facie* case is only evidence, stronger to be sure, than ordinary proof, and the party against whom it is raised by the law is not bound to overthrow it and prove the contrary by the greater weight of evidence, but if he fails to introduce proof to overcome it, he merely takes the chance of an adverse verdict, and this is practically the full force and effect given by the law to this *prima facie* case. He is entitled to go to the jury upon it and to combat it, as being insufficient proof of the ultimate fact under the circumstances of the case, but he takes the risk in so doing, instead of introducing evidence." *Speas v. Bank,* 188 N. C., 524. Here the *prima facie* evidence created by the statute does not rise to the dignity of a *prima facie* case. The prohibited speed is merely *prima facie* evidence that such speed is not reasonable or prudent and that it is unlawful. It is not *prima facie* proof of proximate cause.

The statute then in force so limits the evidence of speed and further provides, "the foregoing provisions of this section shall not be construed to relieve the plaintiff in any civil action from the burden of proving negligence upon the part of the defendant as the proximate cause of an accident." The plaintiff's own testimony furnishes strong evidence that the speed of the truck was not the proximate cause of the collision.

The provisions of ch. 311, P. L. 1935, are applicable to this case. The court below inadvertently quoted the provisions of ch. 148, P. L. 1927. The evidence discloses that the truck had passed out of the restricted speed area of Fletcher and was not at the time passing an intersection. Under these conditions a speed limit in excess of 35 miles per hour—not 25 miles per hour—for motor vehicles designed, equipped for, or engaged in transporting property creates *prima facie* evidence that such speed is not reasonable and prudent and is unlawful. As already noted, proof of the excessive speed alone does not establish actionable negligence as a matter of law. The plaintiff must show by the greater weight of the evidence that under all the facts and circumstances appearing from the evidence the speed was not in fact reasonable and prudent and proximately caused the collision and resulting injury. For the reasons assigned, the defendant is entitled to a new trial. It is so ordered.

New trial.