MRS. LILLIE MORRIS, ADMINISTRATRIX OF C. OSCAR MORRIS, DECEASED, v. C. M. JOHNSON.

(Filed 9 November, 1938.)

1. **Automobiles § 12a—**
    Evidence of speed in excess of the statutory limits is *prima facie* evidence that the speed is unlawful, and therefore constitutes *prima facie* evidence of negligence.   Public Laws of 1935, ch. 311, sec. 2.

2. **Automobiles § 18g—**
    A *prima facie* showing of negligence in operating an automobile at a speed in excess of the statutory limits carries the case to the jury in the absence of evidence establishing contributory negligence as a matter of law.

3. **Trial § 24—**
    Ordinarily, a *prima facie* showing carries the case to the jury for it to say whether or not the necessary facts have been established.

4. **Automobiles § 25—Evidence held sufficient for jury under family car doctrine.**
    Evidence that title to a car was taken in the trade name of defendant's business, but that his wife and daughter habitually used the car, and did not customarily use any other car, and that at the time of the accident in suit defendant's daughter was driving the car with his consent, *is held* sufficient to be submitted to the jury on the issue of defendant's liability for the daughter's negligent driving under the family car doctrine.

APPEAL by plaintiff from *Harris, J.,* at February Term, 1938, of JOHNSTON.   Reversed.

Civil action to recover damages for the wrongful death of plaintiff's intestate alleged to have been caused by the negligent operation of an automobile by defendant's daughter.

About 5 p.m., 30 December, 1936, plaintiff's intestate alighted from a truck which stopped on the east shoulder of State Highway No. 22 at Bill's Service Station between Smithfield and Selma.   He then walked diagonally in a southwesterly direction across the hard surface road

toward his truck, which was parked west of said highway. Just as he reached the western edge of the paved surface of the road he was struck by an automobile being driven in a southerly direction by defendant's daughter and was carried some distance down the road. He died from the injuries received. One witness testified: "It was going fast, probably sixty or seventy miles per hour, just like the wind." The deceased was carried about 75 feet down the road and the automobile traveled some distance after he was thrown or fell from the front of the car. There is other evidence to like effect.

· The evidence likewise discloses that the defendant conducts a laundry under a trade name; that the title to the automobile is in the trade name of the defendant's business; that defendant's wife uses the car for business, shopping, collecting, etc.; that defendant's daughter drives the car with the consent of her mother and that she was operating the car at the time of the accident with the consent of the defendant. Defendant's wife and daughter are not accustomed to driving any other car owned by the defendant.

At the conclusion of plaintiff's evidence, on motion of the defendant, the action was dismissed as of involuntary nonsuit. Plaintiff excepted and appealed.

*W. I. Godwin and L. L. Levinson for plaintiff, appellant.*
*Abell & Shepard for defendant, appellee.*

PER CURIAM. Evidence of speed in excess of the statutory limits is *prima facie* evidence "that the speed is not reasonable or prudent and that it is unlawful." Public Laws 1935, ch. 311, sec. 2. It is, therefore, *prima facie* evidence of negligence. *Woods v. Freeman,* 213 N. C., 314. A *prima facie* showing carries the case to the jury for it to say whether or not the crucial and necessary facts have been established; *Woods v. Freeman, supra; Cox v. R. R.,* 149 N. C., 117, 62 S. E., 884; *Brock v. Ins. Co.,* 156 N. C., 112, 72 S. E., 213; unless plaintiff's evidence is such that the conclusion that plaintiff's intestate was guilty of contributory negligence is the only reasonable conclusion to be deduced from the testimony. *Mulford v. Hotel Co.,* 213 N. C., 603. If the record discloses any evidence of contributory negligence it is not of sufficient probative force to require the conclusion as a matter of law that the deceased by his conduct proximately contributed to his injury and death.

There is likewise sufficient evidence that the car driven by defendant's daughter was in use as a family car to require the submission of an appropriate issue thereon.

The judgment below is

Reversed.