G. L. TEMPLETON v. CLAUDE KELLEY, CHARLES ALEXANDER, BEATY SERVICE COMPANY, A CORPORATION; AND L. L. LEDBETTER, TREASURER OF THE CITY OF CHARLOTTE.

(Filed 22 November, 1939.)

1. **Appeal and Error § 49a—**

A decision reversing a judgment as of nonsuit constitutes the law of the case as to the sufficiency of the evidence upon the subsequent hearing.

2. **Automobiles §§ 9c, 18h: Negligence § 20—It is reversible error for the court to fail to charge on element of proximate cause.**

A charge that if the jury should find by the greater weight of the evidence that defendant was guilty of negligence *per se* in violating a

safety statute regulating the operation of motor vehicles, they should answer the issue of negligence in the affirmative, is reversible error in failing to charge on the element of proximate cause, since plaintiff is not entitled to recover unless the jury should further find that such negligence proximately caused the injury.

**3. Automobiles § 24d—Instruction held for error in failing to charge basis for application of doctrine of respondeat superior.**

When recovery is sought against one defendant as the driver of the car causing the injury and against the other defendant under the doctrine of *respondeat superior,* and instruction permitting a recovery against both defendants if the issue of negligence is answered in the affirmative, without submitting the question of whether the driver, at the time, was an employee acting within the scope of his employment, is reversible error.

**4. Appeal and Error § 39e—**

Any substantial error in the portion of the charge applying the law to the facts of the case is perforce material. C. S., 564.

**5. Automobiles § 7—Pedestrians may not cross streets between intersections at which traffic lights are maintained except at marked cross-walks.**

It is unlawful for a pedestrian to cross a street between intersections at which traffic lights are maintained unless there is a marked cross-walk between the intersections at which he may cross and on which he has the right of way over vehicles, sec. 135 (c), ch. 407, Public Laws of 1937, and his failure to observe the statutory requirement is evidence of negligence but not negligence *per se.*

**6. Appeal and Error § 41—**

When a new trial is awarded on certain exceptions, other exceptive assignments of error relating to matters not likely to arise upon the subsequent hearing need not be considered.

APPEAL by defendant from *Johnston, Special Judge,* at September Extra Civil Term, 1939, of MECKLENBURG. New trial.

Civil action to recover damages for personal injuries alleged to have been caused through the negligent operation of an automobile by the defendant Kelley, as agent and employee of the defendant Beaty Service Company.

The plaintiff was crossing West Trade Street in the city of Charlotte between two intersections, at which traffic lights were maintained. When he was at about the center of the street he was struck by a car being operated by the defendant Kelley. He contends that he stopped to permit two cars going in a westerly direction to pass; that the second car, being driven by Kelley, suddenly whipped around the front car at an excessive rate of speed and ran over and against him, causing the injuries. The defendants contend that Kelley was operating his car in a westerly direction at a moderate rate of speed and that the plaintiff, while crossing the street, in an effort to dodge or get out of the way of

another car, suddenly ran in front of or into the car being operated by Kelley. The other facts are fully stated in the opinion of this Court on the former appeal in this case. *Templeton v. Kelley*, 215 N. C., 577.

The jury answered the issues submitted in favor of the plaintiff. From judgment thereon the defendants appealed.

*Uhlman S. Alexander for plaintiff, appellee.*
*H. L. Taylor for defendants, appellants.*

BARNHILL, J. The exception of the defendants to the refusal of the Court to sustain the motion as of nonsuit cannot be sustained. On the former appeal this Court reversed the judgment of nonsuit, holding that there is sufficient evidence to be submitted to the jury. *Templeton v. Kelley, supra.* That opinion constitutes the law of this case in that respect.

On the issue of negligence, in its charge, the court instructed the jury in part as follows: "If you find by the greater weight of this evidence, the burden being upon the plaintiff to so satisfy you, that the defendant was operating that car in a straight line, and the plaintiff was standing in the middle of the street in plain view where the driver of that car saw him or, by the exercise of reasonable care, could have seen him, and he violated this section 116 (sec. 116, ch. 407, Public Laws 1937), which I read to you a minute ago, by turning suddenly to the left without giving any warning by the sounding of a horn, and struck this plaintiff, that's negligence *per se,* and you will answer that issue yes." This charge is materially defective in that, for one reason, it entirely omits the element of proximate cause. Notwithstanding the fact the conduct of the defendant may have constituted negligence *per se,* this, of itself, does not require an affirmative answer to the issue. *Woods v. Freeman,* 213 N. C., 314, 195 S. E., 812; *Fleeman v. Coal Co.,* 214 N. C., 117, 198 S. E., 596; *Morris v. Johnson,* 214 N. C., 402, 199 S. E., 390; *Marsh v. Byrd,* 214 N. C., 669, 200 S. E., 389. *Non constat* the testimony of the plaintiff may establish conduct on the part of the defendant which constitutes negligence *per se* or *prima facie* evidence of negligence, the question of proximate cause still remains to be determined by the jury. Proof of negligence *per se* does not, as a matter of law, require an affirmative answer to an issue of negligence. In this case the defendants contend, and offer evidence tending to show, that the cause of the collision between the car and the plaintiff was proximately caused by the conduct of the plaintiff. The jury must determine upon all the evidence not only that the defendants were guilty of negligence *per se* but that such negligence was the cause without which the injuries would not have occurred.

This charge was prejudicial to the defendant Beaty Service Company for a further reason. The issue submitted was:

"1. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint?"

If there was negligence the defendant Kelley was the active agency thereof and the defendant Beaty Service Company is liable, if liable at all, under the doctrine of *respondeat superior.* Yet this instruction, upon a finding by the jury of the facts outlined therein, requires an affirmative answer as against the defendant Beaty Service Company without any regard to whether Kelley was, at the time, an agent and employee of said defendant, acting within the scope of his employment.

The quoted portion of the charge is, on the first issue, the heart of the instructions. The court thereby undertook to apply the law to the facts of the case on that issue, as required by C. S., 564. Any substantial error therein is material.

The error in the charge already noted is sufficient to require a new trial. However, the provisions of sec. 135 (c), ch. 407, Public Laws 1937, are pertinent on the facts in this case and the court undertook to charge the jury thereon. As, apparently, this is the first time provisions of this section have been involved on an appeal to this Court, it may be well to point out the error of the court in its charge in respect thereto which seems to be based upon a misinterpretation of the provisions of the act.

The court instructed the jury:

"Now if you find, gentlemen of the jury, by the greater weight of this evidence, that there were marked crossways up at Mint Street or down at Graham Street, and the plaintiff wanted to cross that street, it was his duty to go to one of those marked crossways and observe traffic lights and cross in the markings, and if he violated this statute that was negligence *per se,* but that does not relieve entirely the driver of the motor vehicle, only subject to that provision of the statute that I have read to you."

The court later corrected the statement that such acts constituted negligence *per se.* But the charge is based upon the assumption that the statute applies when there are marked cross-walks rather than when there are traffic lights *at* the adjacent intersections. When such lights exist at adjacent street crossings the act, sec. 135 (c), ch. 407, Public Laws 1937, makes it unlawful for a pedestrian to cross the street other than at the intersection unless there is a marked cross-walk at the point he undertakes to cross.

Local authorities may, and often do, mark off, on congested streets, cross-walks at points other than at intersections, particularly opposite the entrance to schools and other public buildings. When traffic control

signals are maintained at adjacent street crossings pedestrians are for-
bidden to cross the street at any point—other than at the intersection—
except at such marked cross-walks.  In such case, whether a pedestrian
may lawfully cross at any point other than at the intersection depends
upon the existence or nonexistence of a marked cross-walk between the
adjacent intersections, and, when the pedestrian is crossing at such cross-
walk, vehicles must yield the right of way.  Sec. 134 (a), ch. 407, Public
Laws 1937.

The questions presented by the other exceptive assignments of error
may not arise upon the retrial of this cause.  We, therefore, refrain
from discussion thereof.

New trial.