ARNETHA SMART v. S. E. RODGERS and LULA P. RODGERS,
ADMINISTRATRIX OF S. E. RODGERS (Now DECEASED).

(Filed 8 May, 1940.)

**Automobiles §§ 9c, 12a—**

While ordinarily the violation of a safety statute constitutes negligence
*per se* and is actionable when the proximate cause of injury, speed in
excess of the limits prescribed by chapter 407, Public Laws of 1937, is
made merely *prima facie* evidence that the speed is not reasonable or
prudent, and therefore an instruction that speed in excess of the limits
prescribed by the statute constitutes negligence *per se* is error which is
not cured by a correct instruction upon the question of proximate cause.

APPEAL by defendants from *Phillips, J.,* at November Term, 1939, of
MECKLENBURG.    New trial.

This was an action for damages for personal injury alleged to have
been caused by the negligent operation of a taxicab by the defendants.

There was evidence that the speed with which defendants' taxicab was
being operated at the time was a material element of the negligence
alleged.    In his instructions to the jury, the trial judge, after reading
the several statutes regulating the operation of motor vehicles, including
those relating to speed, charged the jury as follows: "Now, gentlemen
of the jury, the violation of a criminal statute such as the court has read
to you, is negligence *per se.*"    Defendants noted exception to this in-
struction.

Verdict was rendered in favor of plaintiff, and from judgment predi-
cated thereon, defendant appealed.

*Helms & Mulliss for plaintiff, appellee.*
*H. L. Taylor and Joe W. Ervin for defendants, appellants.*

DEVIN, J.    The appellants' principal assignment of error related to
the charge of the court below wherein the jury was instructed that the
violation of a criminal statute "such as the court has read to you" was
negligence *per se.*    The court had just read to the jury the speed regula-
tions prescribed by ch. 407, Public Laws 1937, the statute in force at
the time of the injury complained of.    Exceeding the speed limits men-
tioned in that act, however, is not made a substantive criminal offense
but constitute merely *"prima facie* evidence that the speed is not reason-
able or prudent and that it is unlawful."

While it has been uniformly held by this Court that the violation of a
statute imposing a rule of conduct in the operation of a motor vehicle

and enacted in the interest of safety constitutes negligence *per se* and becomes actionable upon proof of injury proximately resulting therefrom (*Holland v. Strader,* 216 N. C., 436), this rule may not be held to apply to an act which the statute denominates merely *prima facie* evidence of want of due care.

Instructions to juries couched in language similar to that excepted to here have been held erroneous and new trials awarded in several recent cases. *Morris v. Johnson,* 214 N. C., 402, 199 S. E., 390; *Fleeman v. Coal Co.,* 214 N. C., 117, 198 S. E., 596; *Marsh v. Byrd,* 214 N. C., 669, 200 S. E., 389; *Woods v. Freeman,* 213 N. C., 314, 195 S. E., 812; *Latham v. Bottling Co.,* 213 N. C., 158, 195 S. E., 372; *Sebastian v. Motor Lines,* 213 N. C., 770, 197 S. E., 539; *S. v. Webber,* 210 N. C., 137, 185 S. E., 659; *S. v. Spencer,* 209 N. C., 827, 184 S. E., 835. See, also, *Wooten v. Smith,* 215 N. C., 48, 200 S. E., 921, and *Exum v. Baumrind,* 210 N. C., 650, 188 S. E., 200.

The fact that the court properly charged .as to proximate cause did not remove the injurious effect of the instruction quoted. *Templeton v. Kelley,* 216 N. C., 487. The appellants' motion for judgment of non-suit was properly denied. However, for the error in the judge's charge herein pointed out, there must be a new trial. This disposition of the appeal renders unnecessary discussion of other exceptions noted by defendants.

New trial.