W. T. HOBBS v. LEON A. MANN AND AGNES MANN.

(Filed 8 October, 1930.)

**Highways B i—Evidence in this case held to permit deduction of inconsistent inferences and should have been submitted to the jury.**

Where, in an action to recover damages resulting from an automobile collision on a public highway, there is evidence tending to show that the plaintiff drove to the right to avoid hitting a hog on the highway and that as he brought the right wheels of his car again on the hard surface he was hit by the defendant's car which had struck the hog, and there is no directly affirmative evidence that the defendant's car was deflected by striking the hog and unavoidably hurled against the plaintiff's car, and there is evidence from which the jury might infer that the defendant had failed to keep a safe distance behind the plaintiff's car in violation of The Code of 1927, sec. 2621(57), or that he had not observed the statutory requirements in attempting to pass the plaintiff in violation of section 2621(54) : *Held*, inconsistent inferences may be deduced from the evidence and the case should have been submitted to the jury for determination as to whether the injury resulted from conditions which could not have been foreseen or from the negligence of the defendant.

CONNOR, J., dissents.

APPEAL by the plaintiff from *Grady, J.,* at April Term, 1930, of ONSLOW. New trial.

HOBBS *v.* MANN.

*Dawson & Jones and S. H. Newberry for plaintiff.*
*No counsel contra.*

ADAMS, J. The action was brought to recover damages for personal injury resulting from the collision of automobiles. At the close of the testimony offered by the plaintiff the trial court dismissed the action as in case of nonsuit, and the plaintiff appealed.

The rule applicable in cases of this kind is that if diverse inferences may reasonably be drawn from the evidence, some favorable to the plaintiff and others to the defendant, the cause should be submitted to the jury for final determination. The question, then, is this: Is the evidence, when construed most favorably for the plaintiff, sufficiently probative to justify a finding of fact which would constitute actionable negligence?

The testimony tends to establish the following circumstances: On the highway between Trenton and Kinston, W. M. Fonville was driving an open Ford touring car, the rear seat occupied by the plaintiff and Bill Bugg. "A good little distance" in front of the car a hog walked into the highway from an adjoining field. Fonville "blew his horn and drove to the right, two wheels of his car on the dirt, off the highway." When he had passed the hog, or "when the hog had passed him," he "gradually came back on the road and presently was struck by another car coming from the rear."

The offending car, a Nash coach, was occupied by the defendants, Mr. and Mrs. Mann. It was owned by the husband and was driven by the wife. After killing the hog and leaving the carcass "in the middle of the road" the Nash coach struck the Ford car "along about the front end, along against the front door," and "turned it over three times, so that when it stopped it had turned around and was headed back towards Trenton." The top was torn off; the steering wheel was broken; a fender was bent; the radiator was damaged; the battery was torn up; and the windshield was shattered.

The Ford was traveling at the rate of twelve or fifteen miles an hour; the speed of the Nash is not definitely fixed. Fonville testified, "It must have been going pretty fast by turning me over three times and turning me round like it did"; and the plaintiff said that when the impact occurred "Bugg went on me and I went on him, and then he went on me again, we were turning that fast." The Nash coach was stopped one hundred or one hundred and twenty-five yards from the wreck.

We presume the action was dismissed upon the theory that the evidence proves nothing more than an accident resulting from an unforeseeable collision of the Nash car with the intrepid swine. Upon the present testimony a jury might or might not reach this conclusion.

There is no directly affirmative testimony that the Nash car by striking the hog was deflected from its course and unavoidably hurled against the car in which the plaintiff was riding. We must, therefore, ascertain whether, with this question presently out of the way, there is any testimony from which a jury might reasonably find that the defendants were negligent.

While Fonville was in the act of bringing his right wheels from the shoulders of the road to the hard surface, the collision occurred. This in itself is a relevant circumstance, calling for explanation. The rear car was closely following the one in front. As soon as "the hog cleared the wheels of the Ford" the Nash coach struck the hog; the plaintiff said, "I don't reckon it was a quarter of a second."

The driver of a motor vehicle is forbidden to follow another vehicle more closely than is reasonable and prudent; he must have due regard to speed, traffic, and the safety of others; and his disregard of the statute may subject him to liability. Pub. Laws 1927, ch. 148, sec. 15; N. C. Code of 1927, sec. 2621(57). We are not prepared to say that there is no evidence from which a jury might infer that the defendants failed to observe these statutory requirements.

If the defendants were in the act of passing Fonville's car they should have complied with another statute. The driver of a motor vehicle overtaking another vehicle proceeding in the same direction shall pass at least two feet to the left of it and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle; and before passing or attempting to pass shall give audible warning with his horn or other warning device. Public Laws 1927, ch. 148, sec. 12; N. C. Code, 1927, sec. 2621(54).

Whether the defendants were trying to pass the car in front of them and, if so, whether they ignored the provisions of the statute are questions which should have been submitted to the jury, for there is at least some evidence tending to support the plaintiff's contention that the defendants did not comply with either provision.

True, in some respects the plaintiff's own testimony is favorable to the defendants; but in others it is antagonistic. He suggests that the injury resulted from reckless driving rather than from the unexpected appearance of the hog.

Since inconsistent inferences may be deduced from the testimony appearing in the record we are of opinion that a jury should be allowed to determine whether the plaintiff's injury resulted from conditions which could not reasonably have been foreseen or from negligence in the operation of the defendants' car.

New trial.

CONNOR, J., dissents.