MRS. RUTH TURNER v. W. L. LIPE.

(Filed 4 November, 1936.)

**1. Automobiles C b: C m—Driving into obstructed intersection at speed in excess of 15 miles per hour is negligence per se.**

Evidence that defendant drove his car into an intersection of highways at a speed in excess of 15 miles per hour when his vision of the intersecting highway was obstructed by growing corn, and that his speed was a proximate cause of the accident in suit, is sufficient to overrule his motion as of nonsuit, speed in excess of 15 miles per hour, under the circumstances, being in violation of statute, C. S., 2618, and constituting negligence *per se*.

**2. Automobiles C i—**

Evidence that defendant drove his car into an obstructed intersection at a speed in excess of fifteen miles per hour, although sufficient to establish negligence *per se*, is insufficient to support an issue relating to wanton negligence.

**3. Appeal and Error J g—**

Where it is determined on appeal that an issue of wanton negligence submitted was not supported by the evidence, alleged error in the judgment of the court relating to plaintiff's right to execution against the person of defendant based upon the jury's answer to the issue, need not be considered.

APPEAL by defendant from *Sink, J.,* at May Term, 1936, of DAVIE. Error.

This is an action to recover damages for personal injuries which the plaintiff suffered as the result of a collision between an automobile in which she was riding as a guest of the driver and an automobile which the defendant was driving.

The collision occurred on 10 August, 1935, at an intersection of two highways in Rowan County, North Carolina.

It is alleged in the complaint that the collision between the two automobiles and the resulting injuries to the plaintiff were caused by the negligence of the defendant on entering the intersection from a northerly direction, at an unlawful rate of speed, and in his failure to exercise due care for the safety of the plaintiff, who approached the intersection from an easterly direction, and that such negligence was willful and wanton. These allegations were denied in the answer.

At the trial, the evidence for the plaintiff tended to show that when the automobile in which she was riding as the guest of the driver approached the intersection from an easterly direction, the driver stopped the automobile, and before entering the intersection, looked up and down

the intersecting highway, which runs north and south; that she could see for a distance of about 200 feet to the north; that she did not see any automobile approaching the intersection from the north, and started across the intersecting highway at a low rate of speed; that when she was a little more than half way across the highway, which is 16 to 18 feet wide, the automobile was struck by an automobile which the defendant was driving, on its right side, and was knocked about 25 feet into a field, where it turned over, with the result that plaintiff suffered serious, painful, and permanent injuries to her person; and that defendant entered the intersection at a speed greatly in excess of 15 miles per hour, and without keeping a lookout for other automobiles or other vehicles approaching the intersection from an easterly direction.

The evidence for the defendant tended to show that when he entered the intersection he was driving his automobile at a speed not in excess of 15 miles per hour, and that his failure to see the automobile in which the plaintiff was riding, as it approached the intersection from an easterly direction, was due to the fact that corn—high and thick—was growing in the fields adjoining the intersecting highways.

The issues submitted to the jury were answered as follows:

"1. Was the plaintiff injured and damaged by the negligence of the defendant, as alleged in the complaint? Answer: 'Yes.'

"2. If so, were the acts of the defendant complained of committed in a wanton manner, as alleged in the complaint? Answer: 'Yes.'

"3. What amount of damages, if any, is the plaintiff entitled to recover of the defendant? Answer: '$3,000.' "

In apt time the defendant objected to the submission to the jury of the second issue, and excepted to the refusal of the court to sustain his objection.

From judgment that plaintiff recover of the defendant the sum of $3,000, and the costs of the action, and that if execution against the property of the defendant shall be returned unsatisfied in whole or in part, execution be issued against the person of the defendant, and that the defendant be held under said execution until he pays the judgment or is discharged according to law, the defendant appealed to the Supreme Court, assigning error in the judgment.

*Grant & Grant and Clement & Clement for plaintiff.*
*B. C. Brock and Walter H. Woodson for defendant.*

CONNOR, J. There was evidence at the trial of this action which was sufficient to support the allegations of the complaint which constitute the cause of action on which plaintiff demands judgment against the defendant.

The evidence for the plaintiff tended to show that the defendant, while driving his automobile, traversed the intersection of two highways in this State at a speed in excess of fifteen miles per hour, when his view of the highway which intersected the highway on which he was driving was obstructed. This was in violation of the statute (C. S., 2618), and was negligence *per se*. *Albritton v. Hill,* 190 N. C., 429, 130 S. E., 5. There was also evidence for the plaintiff tending to show that this negligence was the proximate cause of the collision between the defendant's automobile and the automobile in which the plaintiff was riding, and of her resulting injuries. This evidence, although contradicted by evidence for the defendant, was properly submitted to the jury.

There was no evidence, however, tending to show that the negligence of the defendant, as shown by the evidence and as found by the jury, was wanton, as that word has been defined by this Court. In *Bailey v. R. R.,* 149 N. C., 169, 62 S. E., 912, it is said:

"The term wanton negligence (whether correctly joined it is needless to discuss) always implies something more than a negligent act. This Court has said that the word 'wanton' implies turpitude and that the act is committed or omitted of willful, wicked purpose; that the term 'willfully' implies that the act is done knowingly and of stubborn purpose, but not of malice. *S. v. Massey,* 97 N. C., 468; *S. v. Brigman,* 94 N. C., 888."

In the absence of any evidence tending to support an affirmative answer to the second issue, it was error to submit that issue, at least without a peremptory instruction to the jury to answer the issue "No."

Whether or not, if there had been evidence tending to show that the negligence of the defendant was wanton, the answer to the second issue was sufficient to support the order that in the event execution to enforce the judgment against the property of the defendant should be returned unsatisfied in whole or in part, execution should be issued against his person, need not be decided in the instant case. See *Foster v. Hyman,* 197 N. C., 189, 148 S. E., 36, where the issue submitted to the jury and answered in the affirmative included the word "willful."

There is error in the judgment containing an order that if execution against the property of the defendant should be returned unsatisfied, in whole or in part, execution should be issued against his person. This order must be stricken from the judgment. It is so ordered.

To that end, the action is remanded to the Superior Court of Davie County.

Error.