BONNY FLEEMAN, BY AND THROUGH HER GUARDIAN, JAMES T. BALES, AND JAMES T. BALES, GUARDIAN OF BONNY FLEEMAN, v. CITIZENS TRANSFER & COAL COMPANY.

(Filed 21 September, 1938.)

**1. Automobiles §§ 12a, 12c—Ch. 311, sec. 2, Public Laws of 1935, repeals sec. 4, Art. 2, of Motor Vehicle Act of 1927, relating to speed regulations.**

Sec. 4, Art. 2, of the Motor Vehicle Act of 1927 was stricken out entirely by ch. 311, sec. 2, Public Laws of 1935, which later statute prescribed new speed regulations and provided that speeds in excess of the limits therein provided should be *prima facie* evidence that the speed is unlawful, and further provided that the twenty-five mile an hour limit prescribed for residential districts should not relieve the driver of a motor vehicle from the duty to decrease speed when approaching and crossing intersections, with further provision that local authorities might provide by ordinance for higher *prima facie* speeds between widely spaced intersections and upon through streets, provided signs are erected giving notice of the authorized speed.

**2. Same: Automobiles § 18h—Instruction that speed in excess of 15 miles per hour at obstructed intersection was negligence per se held error.**

Defendant's truck was traveling along a street designated by municipal ordinance as a through street and so marked by the city with proper

signs, and collided at an intersection with the vehicle in which plaintiff was riding as it attempted to traverse the intersection from a side street. *Held:* The speed restrictions prescribed by ch. 311, sec. 2, Public Laws of 1935, as modified by the municipal ordinance, apply, the accident having occurred prior to the ratification of ch. 407, Public Laws of 1937, and speed in excess of the prescribed limitations of the statute, by its express provisions, constitutes only *prima facie* evidence that the speed is unlawful, and an instruction that if the jury should find that the intersection was obstructed, a speed by defendant's truck in excess of fifteen miles per hour would constitute negligence *per se* is error entitling defendant to a new trial.

APPEAL by plaintiff and defendant from *Alley, J.,* at April Term, 1938, of BUNCOMBE.

On plaintiff's appeal, affirmed.

On defendant's appeal, dismissed.

This was an action instituted by plaintiff in the general county court of Buncombe County to recover damages for a personal injury alleged to have been caused her by the negligence of the defendant. From judgment on the verdict in the county court in favor of plaintiff, the defendant appealed to the Superior Court, assigning errors. In the Superior Court certain of the defendant's assignments of error were sustained and the case remanded to the county court for a new trial. From the judgment in the Superior Court the plaintiff appealed to the Supreme Court. The defendant likewise appealed in order to preserve its exceptions noted in the trial court which were overruled in the Superior Court.

*C. C. Buchanan and Williams & Cocke for plaintiff.*
*Adams & Adams for defendant.*

DEVIN, J. The injury of which plaintiff complains resulted from a collision between a motor driven ambulance and hearse, in which plaintiff was riding, and a motor truck of the defendant. The collision occurred 8 February, 1937, at the intersection of Choctaw and McDowell streets in the city of Asheville. The vehicle in which plaintiff was riding was proceeding westwardly along Choctaw Street, and the defendant's truck was being driven southwardly along McDowell Street.

Among other things, the plaintiff alleged and offered evidence tending to show that defendant's truck in approaching and entering the intersection of these streets was being driven at a rate of twenty-five miles per hour, and that the driver's view in approaching the intersection was obstructed.

The defendant noted exception to the following portion of the trial judge's charge to the jury in the county court: "If you find, by the greater weight of the evidence, that the defendant's driver of the truck

was unable to see when he was within 100 feet of that intersection in both directions on Choctaw Street for a distance of 200 feet and he failed when he was within fifty feet of the intersection to bring his car to a speed of 15 miles per hour, or that he was driving his car at that time in excess of 15 miles per hour, it would be negligence, and if you further find, by the greater weight of the evidence, the burden being upon the plaintiff to so satisfy you, that the failure to bring the car to a speed not in excess of fifteen miles per hour was the proximate cause of the collision and the consequent injuries to the plaintiff, the burden being upon the plaintiff to so satisfy you, that is, it was the cause or one of the causes without which no collision would have taken place and no injury would have been sustained by the plaintiff, then it would be your duty to answer the issue 'Yes.' "

On appeal to the Superior Court, defendant's assignments of error based upon this and another similar exception were sustained and the case remanded to the county court for a new trial. The appeal brings the case here for review.

The determination of the question presented by the appeal to this Court involves the correctness of the ruling of the judge of the Superior Court, and requires an examination of the pertinent statutes relative to the speed of motor vehicles at intersections of highways.

Chapter 107 of the Public Laws of 1913 fixed the speed limit for motor vehicles upon approaching and traversing intersecting highways at seven miles per hour, and by chapter 140 of the Public Laws of 1917, this speed limit was increased to ten miles per hour. The latter act was brought forward in the Consolidated Statutes as section 2616. The Act of 1925, ch. 272, sec. 1 (d), placed the speed limit of motor vehicles at fifteen miles per hour in traversing intersections of highways when the driver's view was obstructed, and this provision was brought forward in the Uniform Motor Vehicle Act of 1927, and appears in ch. 148, Art. 2, sec. 4, in substantially the same language.

But section 4, Article 2, of the Motor Vehicle Act of 1927 was stricken out entirely by ch. 311, sec. 2, Public Laws of 1935, and a new section enacted in lieu thereof containing new speed regulations. The substituted section 4, so enacted by ch. 311, sec. 2, Public Laws 1935, contains this general provision relative to the speed of motor vehicles: "Any speed in excess of said limits shall be *prima facie* evidence that the speed is not reasonable and prudent and that it is unlawful." Among the speed regulations in this same section 2 of the Act of 1935 was the provision (subsection [b]) that speed in excess of twenty-five miles per hour in residence districts should be *prima facie* evidence of unlawfulness, and also the following reference to speed at intersections: "The fact that the speed of a vehicle is lower than the foregoing *prima facie*

limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection."

Section 2 of the Act of 1935 contains this further provision (subsection [g]) : "Local authorities in their respective jurisdictions may in their discretion authorize by ordinance higher *prima facie* speeds than those stated in subsection (b) herein upon through highways or upon highways or portions thereof where there are no intersections or between widely spaced intersections, provided signs are erected giving notice of the authorized speed."

This last quoted provision was a reënactment of a similar provision in the Act of 1927, ch. 148, Art. 2, sec. 4 (c).

Pursuant to the authority contained in these statutes, the city of Asheville adopted an ordinance, which was in force at the time of the injury complained of, the material portions of which are as follows: "Persons driving a vehicle on a street, highway or roadway shall drive the same at a careful and prudent speed, not greater than is reasonable and proper, . . . and in no event at a rate of speed greater than set out below. . . . (c) twenty miles an hour in a residential district, (d) thirty miles an hour on a through highway as defined in this ordinance."

The director of public safety, under supervision of the city manager, was directed to designate the highways and streets that were to be through highways and to place proper signs to so indicate. It is admitted that McDowell Street had been properly designated and marked as a through highway.

It will be noted that the injury complained of in this case occurred before the ratification of the Motor Vehicle Act of 1937 (ch. 407), and is unaffected by it.

It was said in the well considered case of *Woods v. Freeman,* 213 N. C., 314, *Barnhill, J.,* speaking for the Court: "Proof of the excessive speed alone does not establish actionable negligence as a matter of law. The plaintiff must show by the greater weight of the evidence that under all the facts and circumstances appearing from the evidence the speed was not in fact reasonable and prudent and proximately caused the collision and resulting injury."

It becomes apparent from an examination of these statutes, in connection with the ordinance of the city of Asheville and the designation of McDowell Street as a through highway, that the portion of the charge of the trial judge excepted to was erroneous, and that the defendant's assignment of error thereto was properly sustained by the judge of the Superior Court.

The recent decisions of this Court in *Turner v. Lipe,* 210 N. C., 627, 188 S. E., 108, and *Pearson v. Luther,* 212 N. C., 420, cited by the

plaintiff, may not be held as authority for her position, or to support the instruction of the trial judge in the portion of his charge above quoted. *Woods v. Freeman*, 213 N. C., 314; *Sebastian v. Motor Lines*, 213 N. C., 770.

For these reasons, the judgment of the Superior Court on plaintiff's appeal is affirmed. This disposition of the case renders it unnecessary to consider defendant's appeal, and the same is dismissed.

On plaintiff's appeal, judgment affirmed.

On defendant's appeal, appeal dismissed.