RALPH WILLIAMS, BY HIS NEXT FRIEND, MRS. ALMA WILLIAMS, v. MRS. J. K. HUNT.

(Filed 14 December, 1938.)

**1. Automobiles § 18h: Trial § 30—**

Where there is no evidence that the accident in suit occurred in a business district it is error for the court, in its instructions to the jury, to read the statutory speed restrictions applicable to business districts.

**2. Trial § 29b—Applicability of statute is question of law for the court.**

Whether a given statute is applicable to the controversy is a question of law for the court, and an instruction that the applicability of the statute was a matter for the jury is error, it being the function of the court to tell the jury what facts must exist to make the statute applicable as a matter of law.

APPEAL by defendant from *Olive, Special Judge,* at June Term, 1938, of WAKE. New trial.

*Douglass & Douglass and Thos. W. Ruffin for plaintiff, appellee.*
*Smith, Leach & Anderson and Gavin & Jackson for defendant, appellant.*

SCHENCK, J. This is an action to recover damages for personal injuries to the plaintiff alleged to have been proximately caused by the negligence of the defendant.

The plaintiff, a minor twelve years of age, contends that he was standing on the dirt shoulder of U. S. Highway No. 1 within one or two feet of the cement pavement and that the defendant drove her automobile on said highway at an unlawful rate of speed and failed to keep a proper

lookout and ran her said automobile upon and against the plaintiff, thereby causing his injuries.

The defendant denies that she was driving her automobile on said highway at an unlawful rate of speed or that she failed to keep a proper lookout, and contends that as she was passing the plaintiff her car was on the right side of the cement pavement and the plaintiff was standing on the dirt shoulder thereof, and that he ran or fell into the right side of her automobile, and was injured.

The defendant reserved exception to the following excerpt from the charge of the court:

"Gentlemen, the court will read certain statutes regarding the operation of automobiles that you can apply to the evidence in this case and as to whether or not you think they apply in this case is a matter for you. 'No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing. Where no special hazard exists, the following speeds shall be lawful, but any speed in excess of said limits shall be *prima facie* evidence that the speed is not reasonable or prudent and that it is unlawful: Twenty miles per hour in any business district.'"

There is neither allegation nor evidence that the defendant's car struck the plaintiff while in a business district. The only mention of a business district is by the plaintiff's witness Morgan, who testified: "The place where the boy was struck was in the town of Apex. The business section of Apex was in sight. He was hit in the residential section."

This exception must be sustained. *Farrow v. White,* 212 N. C., 376.

It would likewise seem that his Honor was in error when he told the jury "as to whether or not you think they (the statutes read) apply in this case is a matter for you." The question as to whether the statutes apply is rather a question of law for the court than a question of fact for the jury. It is the function of the court to tell the jury what facts must exist to make the statutes applicable as a matter of law, and for the jury to say whether they find that such facts exist. The act from which the court read, namely, Public Laws 1927, chapter 148, as amended by Public Laws 1935, chapter 311, prescribes the meaning of "Business District." The court failed to instruct the jury in accord therewith.

For the error assigned there must be a

New trial.