MRS. E. W. WOOTEN, ADMINISTRATRIX OF EDGAR WALLACE WOOTEN, DECEASED, v. SETH L. SMITH AND MRS. SETH L. SMITH.

(Filed 1 February, 1939.)

1. **Automobiles § 12c—Statute requires that speed at intersections shall be reduced to speed that is reasonable under the circumstances.**

    Under the provisions of ch. 311, Public Laws of 1935, which repealed former statutes relating thereto, a person driving a car in a residential district is under duty to reduce his speed below the *prima facie* limit of 25 miles per hour in approaching and crossing an obstructed intersection to such speed as is reasonable under the circumstances, and to keep a proper lookout to avoid a collision.

2. **Automobiles § 18g—Evidence held for jury on question of whether driver exercised due care in traversing intersection.**

    The evidence tended to show that defendant driver was operating the car at a speed of twelve to fifteen miles per hour in a residential district and had entered an obstructed intersection when plaintiff's intestate, who was riding a bicycle along the intersecting street, ran into the side of the car, and died as a result of the collision. *Held:* Viewing the evidence in the light most favorable to plaintiff, the evidence is sufficient to overrule defendant's motions to nonsuit, since whether defendant driver, under all the surrounding circumstances, failed to measure up to the duty of operating the car at a reasonable speed and of keeping a proper lookout to avoid a collision, as required by statute, is for the determination of the jury.

**3. Same—Evidence held not to disclose contributory negligence barring recovery as a matter of law.**

Plaintiff's intestate was fatally injured in a collision between a bicycle which he was riding and an automobile driven by one of defendants. The evidence tended to show that the collision occurred at an intersection in a residential district, that the automobile was first in the intersection, and that the bicycle hit the left side of the car. The evidence disclosed that the intersection was obstructed by a retaining wall and shrubbery. *Held:* The evidence, considering the fact that intestate's view was obstructed, does not disclose contributory negligence on his part as a matter of law.

**4. Automobiles § 18h—**

Instruction that statute required motorist to operate car at intersection in residential district at a speed not exceeding 10 miles per hour, *held* error.

STACY, C. J., concurring in part and dissenting in part.

BARNHILL and WINBORNE, JJ., concur in the opinion of STACY, C. J.

APPEAL by defendants from *Sinclair, J.,* at May Term, 1938, of COLUMBUS. New trial.

Action for damages for injury and death of plaintiff's intestate alleged to have been caused by a collision between a bicycle on which he was riding and defendants' automobile, negligently driven by defendant, Mrs. Seth L. Smith. The collision occurred at the intersection of Madison and Williamson Streets in the town of Whiteville, North Carolina.

Upon issues submitted to the jury, there was verdict for the plaintiff, and from judgment in accord therewith, defendants appealed.

*Greer & Greer and Varser, McIntyre & Henry for plaintiff, appellee.*
*Tucker & Proctor, Irvin B. Tucker, Edward K. Proctor, and I. B. Tucker, Jr., for defendants, appellants.*

DEVIN, J. The appellants' principal assignments of error relate to the denial of their motion for judgment of nonsuit, and to exceptions noted to certain instructions given by the trial judge in his charge to the jury.

1. Briefly stated, the evidence offered by the plaintiff tended to show that on 1 March, 1936, about 2:00 o'clock p.m., plaintiff's intestate, a bright boy of fourteen, was riding his bicycle proceeding southward on Madison Street in Whiteville. The boy was on the west side of the street (which was a north and south paved thoroughfare and State Highway thirty feet wide from curb to curb), and was approaching the intersection of Williamson Street (a paved east and west street) when defendants' automobile, driven by defendant, Mrs. Seth L. Smith, came

out of Williamson Street, proceeding eastwardly into the intersection, and a collision between the bicycle and automobile occurred there, resulting in the death of plaintiff's intestate.

It was also in evidence that the lot on the northwest corner of the intersection had a retaining wall on the Madison Street side three and a half feet high, and that the lawn sloped back westwardly to a maximum height of five and a half feet. Williamson Street "goes up-grade" from Madison Street. Between the paved sidewalk and the street curb on Madison Street, in front of this lot, were several large shrubs, three to seven feet tall. Defendants' automobile was being driven at a speed of twelve to fifteen miles per hour. After the collision there were discovered dents on the door and fender on the left side of defendants' automobile. There was no evidence of a town ordinance or any regulation by local authorities or by the State Highway and Public Works Commission with reference to this intersection.

Without undertaking here to recite the evidence in detail, it would seem from the description of the unfortunate occurrence given by the plaintiff's only eye-witness that the automobile was first in the intersection and that the bicycle approaching from the left struck the automobile on its left side, giving rise to the inference that the driver of the automobile had the right of way, under the rule prescribed by Public Laws 1927, ch. 148, sec. 18.

In order to determine what duty, if any, the driver of defendants' automobile, under the circumstances of this case, in approaching the street intersection from Williamson Street, owed to the rider of a bicycle on Madison Street, it is necessary to examine the statutory driving regulations with reference to intersections of highways.

The driving regulations of C. S., 2616, requiring the driver of an automobile approaching an intersecting highway, when the view was obstructed, to give a timely signal and to reduce speed to ten miles per hour, were superseded by the provisions of ch. 272, Public Laws of 1925, wherein the speed limit of automobiles approaching and entering an intersection of highways, when the view was obstructed, was increased to fifteen miles per hour. This provision was substantially reënacted in the Uniform Motor Vehicle Act of 1927, Art. 2, sec. 4, and all laws or clauses of laws in conflict were expressly repealed. Thus the law remained until the amendatory act of 1935.

By ch. 311, Public Laws of 1935, the speed restrictions contained in Art. 2, sec. 4, of the Uniform Motor Vehicle Law of 1927 were repealed, and the following pertinent regulations, in force at the time of the injury here complained of, were substituted in lieu thereof:

"(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing."

"(b) Where no special hazard exists, the following speeds shall be lawful, but any speed in excess of said limits shall be *prima facie* evidence that the speed is not reasonable or prudent and that it is unlawful. . . . 2. Twenty-five miles per hour in any residence district."

"(c) The fact that the speed of a vehicle is lower than the foregoing *prima facie* limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

The act of 1935 further provides "that all laws and clauses of laws in conflict with the provisions of this act are hereby modified to conform to this act."

In view of these statutory driving regulations and the duty thereby imposed, considering the evidence in the light most favorable for the plaintiff, as we must do on a motion for nonsuit, we are unable to hold that there was no evidence of negligence on the part of the defendants. The duty to exercise due care in approaching and entering an intersection of highways with the driver's view obscured to some extent by the shrubbery, required that the automobile be operated at a reasonable speed and that a proper lookout be kept to avoid collision with another vehicle approaching the intersection, and whether under all the surrounding circumstances the defendants failed to measure up to that duty, and thereby proximately caused the injury complained of, must at last be referred to the jury for its determination of the facts, under the proper instructions from the court. *Hobbs v. Mann,* 199 N. C., 532, 155 S. E., 163. The evidence of the presence of the shrubbery and the retaining wall, as tending to interfere with the view of plaintiff's intestate, under the rule laid down in *Perry v. R. R.,* 180 N. C., 290, 104 S. E., 673, and *Goff v. R. R.,* 179 N. C., 216, 102 S. E., 320, would seem to prevent the granting of a nonsuit on the ground that contributory negligence on the part of plaintiff's intestate was affirmatively established by plaintiff's evidence. *Lithograph Corp. v. Clark,* 214 N. C., 400; *Cole v. Koonce,* 214 N. C., 188.

2. The defendants duly noted exception to the judge's charge to the jury in that in stating the elements constituting negligence, under the first issue, he charged the jury under C. S., 2616, that the law required the driver of an automobile in approaching and traversing an intersecting highway "to operate it at such speed not to exceed ten miles an hour."

In view of the amendments to statutes hereinbefore fully set out, and considering the law with respect to speed at intersections of highways in force at the time of the injury, and in accord with the decisions of this Court in *Fleeman v. Coal Co.,* 214 N. C., 117; *Woods v. Freeman,* 213 N. C., 314; and *Sebastian v. Motor Lines,* 213 N. C., 770, this instruction must be held for error, entitling the defendants to a new trial. *Williams v. Hunt,* 214 N. C., 572. The decision in *Kelly v. Hunsucker,* 211 N. C., 153, 189 S. E., 664, cited by plaintiff, may not be held as controlling in this case.

Since the case goes back for another trial, we deem it unnecessary to discuss other exceptions noted by the defendants at the trial and brought forward in their assignments of error.

New trial.

STACY, C. J., concurring in part and dissenting in part: With the ruling on the exception to the charge, there is no debate. This is correct under the decisions cited.

Unfortunate and distressing as the accident in this case was, a careful perusal of the record leaves me with the impression that the exception addressed to the refusal of the court to dismiss the action as in case of nonsuit should likewise be sustained, if not upon the principal question of liability, then upon the ground of contributory negligence. *Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88; *Davis v. Jeffreys,* 197 N. C., 712, 150 S. E., 488. Plaintiff's intestate's negligence, in order to bar a recovery, need not be the sole proximate cause of the injury. It is enough if it contribute to the injury. *Wright v. Grocery Co.,* 210 N. C., 462, 187 S. E., 564.

BARNHILL and WINBORNE, JJ., concur in this opinion.