BARNES *v.* TEER.

JAMES H. BARNES v. NELLO TEER.

(Filed 28 June, 1941.)

**1. Appeal and Error § 43—**

Petition to rehear this case involving a highway accident is allowed for inadvertence in former decision in failing to sustain appellant's exception to the failure of the trial court to instruct the jury upon the statutory law arising upon the evidence.

**2. Automobiles § 18h: Trial § 29b—**

In automobile accident cases it is the duty of the court to charge the jury upon the provisions of the Motor Vehicle Law arising upon the evidence, and a charge embracing only general provisions of the common law is not sufficient. C. S., 564.

**3. Same: Automobiles § 12a—Instruction held for error in failing to charge pertinent statutory speed limit and the evidentiary significance of speed in excess thereof.**

This action arose out of an accident occurring when plaintiff's car, traveling down grade around a curve on a highway under construction. encountered defendant's truck, which was heavily loaded with stone and traveling in the opposite direction up grade. Plaintiff contended that the truck was traveling on its left side of the highway. There was evidence that plaintiff knew of the condition of the highway, which was covered with loose crushed stone four or five inches deep, and knew that defendant was at work there with trucks and other machinery. Defendant's evidence was to the effect that plaintiff was driving around 50 miles per hour, swinging around the curve with the stone flying. *Held:* An instruction upon the issue of contributory negligence which stated the common law duty to use due care but failed to charge the statutory requirement that a person shall not drive a motor vehicle on a highway at a speed in excess of that which is reasonable and prudent under conditions then existing, and the statutory provision that speed in excess of the limits prescribed should be *prima facie* evidence of negligence or that the speed is not reasonable or prudent and is unlawful, ch. 407, Public Laws 1937, sec. 103, must be held for error.

**4. Appeal and Error § 48—**

Where the municipal court in which the case is originally tried is abolished pending the decision of the Supreme Court granting a new trial, the cause will be remanded to the Superior Court of the county. Ch. 117, Public Laws 1941.

SEAWELL, J., dissents.

CLARKSON, J., dissenting.

DEVIN, J., dissenting.

PETITION to rehear this case, reported in 218 N. C., 122, 10 S. E. (2d), 614.

*Heazel, Shuford & Hartshorn for petitioner, defendant.*

*Sale, Pennell & Pennell for respondent, plaintiff.*

STACY, C. J. The case was brought back because of an alleged oversight in disposing of the following question presented by the 11th exception: In an action involving a highway injury, where there are statutes on the subject, some of evidentiary significance, and the general principles of the common law are also applicable, is it a sufficient compliance with the provisions of C. S., 564, for the trial court to instruct the jury on the general principles of negligence and contributory negligence without any reference to the pertinent statutes?

In originally upholding the judgment, this question was inadvertently answered *sub silentio* in the affirmative. The authorities are to the contrary. *Kolman v. Silbert, ante,* 134, 12 S. E. (2d), 915; *Smith v. Bus Co.,* 216 N. C., 22, 3 S. E. (2d), 362; *Spencer v. Brown,* 214 N. C., 114, 198 S. E., 630; *Williams v. Coach Co.,* 197 N. C., 12, 147 S. E., 435; and *Bowen v. Schnibben,* 184 N. C., 248, 114 S. E., 170. These cases all deal with the question here presented. They are at one in holding that the duty of the judge to declare and explain the law arising upon the evidence in a case means that he shall declare and explain the statutory law as well as the common law arising thereon.

Speaking directly to the point in the case last cited, it was said: ". . . where a statute appertaining to the matters in controversy provides that certain acts of omission or commission shall or shall not constitute negligence, it is incumbent upon the judge to apply to the various aspects of the evidence such principles of the law of negligence as may be prescribed by statute, as well as those which are established by the common law."

The latest expression on the subject is to be found in *Kolman v. Silbert, supra,* decided 31 January, 1941: "In automobile cases where the alleged negligence rests in the violation of one or more of the provisions of the law governing the operation of motor vehicles enacted,

designed and intended to protect life, limb and property, it is mandatory that the Judge in his charge shall state, in a plain and correct manner, the evidence in the case and declare and apply the pertinent provisions of the Motor Traffic Law."

It is in evidence that the plaintiff was driving down a steep mountain road, then under construction, and covered with loose crushed stone, four or five inches deep. Plaintiff was familiar with the road and its condition. He knew the defendant was at work there with trucks and other machinery. Defendant's truck, loaded with stone, was proceeding up the hill, an 8% grade. The plaintiff says he did not see the truck until within 30 feet of it, that it was on the wrong side of the road. The plaintiff ran onto the soft shoulder in order to avoid a collision, his car turned over, and he was injured.

There is evidence that plaintiff was driving "real fast," as he came around the curve and down the grade, "swinging around—the stone was flying. He was making around 50 miles an hour."

The plaintiff testified: "As we rounded the curve we met the truck right in the face. . . . I put on my brakes when I first saw the truck. I didn't stop; it wouldn't stop, wouldn't hold on gravel. . . . I was going 15 miles an hour when I first saw the truck. . . . The defendant's truck struck me with his rear end as he attempted to pull out of the way."

The defendant's evidence tends to show that the plaintiff's car did not collide with the truck at all, but passed the truck, plowed into the soft shoulder, and was turned over when the plaintiff undertook to cut sharply back into the graveled portion of the highway.

From the foregoing it appears that in respect of the issue of contributory negligence (which issue is inappropriately worded) there is evidence tending to show the plaintiff was traveling in excess of the speed limits set out in the Motor Vehicle Law, or at a speed greater than was reasonable and prudent under the conditions then existing, which, by the statute, is made *prima facie* evidence of negligence, or that the speed is not reasonable or prudent and that it is unlawful. Ch. 407, Public Laws 1937, sec. 103. *Morris v. Johnson,* 214 N. C., 402, 199 S. E., 390. The judge in his charge to the jury made no reference to any of the applicable provisions of the Motor Vehicle Law, notwithstanding the defendant's plea and the evidentiary significance of such provisions. Where the issue of liability is sharply disputed, as it is on the instant record, the parties are entitled to have the court hew to the line and let the chips fall wherever they may. Such was the holding in *Robinson v. Transportation Co.,* 214 N. C., 489, 199 S. E., 725; *Farrow v. White,* 212 N. C., 376, 193 S. E., 386; *Orvis v. Holt,* 173 N. C., 231, 91 S. E., 948; *Matthews v. Myatt,* 172 N. C., 230, 90 S. E., 150. The decisions

in *Ryals v. Contracting Co., ante,* 479; *Mack v. Marshall Field & Co.,* 218 N. C., 697, 12 S. E. (2d), 235; and *Smith v. Kappas, post,* 850, are likewise in full support of this view.

The conclusion heretofore reached that the judgment should be affirmed will be vacated and the cause remanded to the Superior Court of Buncombe County for a new trial. Ch. 117, Public Laws 1941.

Petition allowed.

SEAWELL, J., dissents.

CLARKSON, J., dissenting to petition to rehear, which was allowed: This case is reported in 218 N. C., 122. I write fully so the case can be understood.

Appeal by defendant from *Nettles, J.,* at July, 1940, Civil Term, of Buncombe Superior Court.

The material allegations of the complaint are as follows:

"That on or about said 21st day of January, 1939, while the plaintiff was driving his automobile in a careful and lawful manner along said highway and on the right-hand side thereof, after turning a sharp curve in said highway, the truck, hereinbefore mentioned, owned by the defendant and operated by the defendant's agent, servant and employee, and while acting in the scope of his employment, approached said curve in a fast, dangerous and reckless manner on the wrong, or left-hand, side of said highway, completely blocking plaintiff's right of proceeding down, along and over said highway, whereupon the plaintiff endeavored to avoid a collision with the defendant's truck, but notwithstanding his desperate efforts to avoid a collision, the defendant's truck struck the automobile of the plaintiff, knocking the same over on a soft shoulder which gave way, causing the plaintiff's automobile to slide off a steep embankment, turning it completely over and seriously injuring and damaging plaintiff as hereinafter more specifically set forth.

"That the specific acts of negligence which were the sole and proximate cause of the plaintiff's injuries and damage are:

"(a) The defendant carelessly, negligently and recklessly operating said automobile on said State Highway in violation of the laws of the State of North Carolina.

"(b) The defendant carelessly, negligently and recklessly operating his automobile on the wrong side of the highway and particularly when approaching a sharp curve along a highway in process of construction, with soft shoulders along a steep embankment.

"(c) The defendant carelessly, negligently and recklessly failed to sound any horn or give other audible warning of the approach of his truck when approaching a sharp curve.

"That as a result of the defendant's negligence, the plaintiff's automobile which was of the reasonable value of $400.00 was practically destroyed.

"That by reason of the negligent acts of the defendant the plaintiff was seriously and permanently disabled and injured," setting same forth in detail.   Prayer for damages for personal injury.   The defendant denied negligence and set up the plea of contributory negligence.

"The evidence on the part of plaintiff sustained the allegations of the complaint.   The evidence of the defendant was to the contrary.   The jury answered all the issues of negligence and contributory negligence in favor of plaintiff and awarded damages, as follows:

" '1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint?   Ans.: "Yes."

" '2. Was the plaintiff guilty of contributory negligence, as alleged in the defendant's answer?   Ans.: "No."

" '3. What damage, if any, is the plaintiff entitled to recover of the defendant?   Ans.: "$5,000.00." ' "

The case was tried in the General County Court of Buncombe County, N. C., before Judge J. P. Kitchin.   From the judgment rendered in the General County Court of Buncombe County, the defendant made numerous exceptions and assignments of error and appealed to the Superior Court.   The Superior Court overruled these exceptions and assignments of error and in the judgment of the General County Court of Buncombe County there was found to be no error.   The defendant excepted and assigned error to the judgment of the Superior Court, and made numerous exceptions and assignments of error and appealed to the Supreme Court.   This Court affirmed the judgment of the court below.

I have read with care the former opinion and think that it is correct, and the rehearing opinion incorrect.   The case is not in the least a complicated one.   It grew out of a collision between the plaintiff's Ford automobile and the defendant's truck.   It was mainly an issue of fact for a jury to determine.

The evidence was to the effect that plaintiff and his companion were in a Ford car going down the mountain, and defendant's truck, on the wrong side of the road, going up the mountain, ran into them.   Plaintiff could not see the truck when it was coming up the mountain, until he was within 30 feet of it, and that the left rear end of the truck collided with the plaintiff's car.   That plaintiff was going 15 miles an hour, and he put on his brakes.   That his car was in good condition; it had good brakes, tires and horn.   *Before he rounded the curve he blew his horn.* That the driver of the truck was "speeding" and driving in a "reckless manner."   This was denied by defendant.   The jury decided for plaintiff and accepted his and his witnesses' version of the collision.

The statutes applicable, N. C. Code, 1939 (Michie), sec. 2621 (288), is, in part, as follows:

"Speed restrictions.   (a) *No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing.*

"(b) Where no special hazard exists the following speeds shall be lawful, but any speed in excess of said limits shall be *prima facie* evidence that the speed is not reasonable or prudent and that it is unlawful:

"1. Twenty miles per hour in any business district;

"2. Twenty-five miles per hour in any residence district;

"3. Thirty-five miles per hour for motor vehicles designed, equipped for, or engaged in transporting property, and thirty miles per hour for such vehicles to which a trailer is attached.

"4. Forty-five miles per hour under other conditions.

"5. Notwithstanding the foregoing *prima facie* limits it shall be unlawful to drive any vehicle at a speed in excess of sixty (60) miles per hour, except those exempted in section 2621 (292).

"(c) The fact that the speed of a vehicle is lower than the foregoing *prima facie* limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance or on entering the highway in compliance with legal requirements and the duty of all persons to use due care.   It shall be unlawful to violate any provisions of this section, and upon conviction shall be punished as provided in section 2621 (326)."

The above quoted "speed restrictions" are taken from ch. 407, Public Laws of 1937, sec. 103, entitled "Speed restrictions," ratified 23 March, 1937.   Sec. 145 "repealing clause" says: "That all laws and clauses of laws *in conflict with the provisions of this Act or laws or clauses of laws providing otherwise for the subject matter of this Act are hereby repealed."*

Sec. 2616 was enacted in 1917, ch. 140, part of sec. 15.   This was repealed by the Act of 1937, *supra.   Kelly v. Hunsucker,* 211 N. C., 153, was decided 27 January, 1937, before sec. 2616 was repealed by Public Laws 1937, *supra,* and not applicable to the facts in this case. The construction of the statutes on the subject was settled by *Devin, J.,* in *Wooten v. Smith,* 215 N. C., 48.   The trial judge complied with C. S., 564, and charged the jury in the very language of the 1937 Act, *supra,* which was applicable, and, as will be seen by the charge here-

after fully quoted, charged every Road Act on the subject applicable to the facts in full accord with all the authorities. To say that upon approaching a "sharp curve" or "curve or deep descent" the speed limit is 10 miles per hour, from a practical viewpoint such speed restrictions would be prohibitive to mountain travel. The tourist trade would be destroyed and our mountain people marooned. Our modern speed restrictions, by legislative enactments, have gotten away from the "ox cart" days.

On the former hearing of the case, the defendant quoted N. C. Code, *supra,* sec. 2616, in part, as follows: "Upon approaching an intersecting highway, a bridge, dam, curve or deep descent, and also in traversing such intersecting highway, bridge, dam, curve or descent, a person operating a motor vehicle shall have it under control and operate it at such speed, not to exceed ten miles an hour, having regard to the traffic then on such highway and the safety of the public," and said: "The plaintiff then was negligent according to his own showing. He was driving at a speed in excess of that provided by law, which is negligence *per se. Holland v. Strader,* 216 N. C., 436." In the brief of defendant, on the petition to rehear, this contention is again made. The same question now presented was considered before. In the former hearing and the rehearing defendant relied on sec. 2616, *supra.* I do not think the provisions of sec. 2616, *supra,* apply to the operator of an automobile in North Carolina, on 21 January, 1939—at the time of the collision in this action. This is now conceded in the main opinion allowing a rehearing.

The trial court, as affirmed by the Superior Court and this Court in its opinion in this case, followed the applicable Road Acts on the subject and the decision in *Wooten v. Smith, supra,* cited and approved in *Smart v. Rodgers,* 217 N. C., 560.

In the *Wooten case, supra,* the trial court charged the jury that the driver was responsible under sec. 2616, *supra,* and a new trial was granted for this error, the Court saying, at p. 50: "By chapter 311, Public Laws of 1935, the speed restrictions contained in Article 2, sec. 4, of the Uniform Motor Vehicle Law of 1927, were repealed and the following pertinent regulations in force at the time of the injury here complained of were substituted in lieu thereof. . . . (51) Defendant duly noted exception to the judge's charge to the jury in that in stating the elements constituting negligence, under the first issue he charged the jury under sec. 2616 that the law required the driver of an automobile in approaching and traversing an intersecting highway 'to operate it at such speed not to exceed 10 miles an hour.' In view of the amendments to statutes hereinbefore fully set out, and considering the law with respect to speed at intersections of highways in force at the

time of the injury, and in accord with the decisions of this Court in *Fleeman v. Coal Co.,* 214 N. C., 117; *Woods v. Freeman,* 213 N. C., 314; and *Sebastian v. Motor Lines,* 213 N. C., 770, this instruction must be held for error, entitling the defendants to a new trial. *Williams v. Hunt,* 214 N. C., 572." Ch. 407, Public Laws of 1937, sec. 103, *supra.*

I think that upon the date of the injury to the plaintiff (now nearly two and a half years ago), the law provided that "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing." Ch. 407, Public Laws of 1937, sec. 103, *supra; York v. York,* 212 N. C., 695; *Wooten v. Smith, supra.*

The court, upon the trial of this case, fully declared and charged the law applicable and properly placed the burden of that "prudent and reasonable operation upon both plaintiff and defendant under the attending circumstances." Had the court given the instructions sought by the petitioner on the hearing before and now as to 10 miles an hour, error would have been committed entitling the plaintiff to a new trial—if the verdict of the jury had been against him.

In *Woods v. Freeman,* 213 N. C., 314 (319), it is written: "Proof of excessive speed alone does not establish actionable negligence as a matter of law. The plaintiff must show by the greater weight of the evidence that under all the facts and circumstances appearing from the evidence the speed was not in fact reasonable and prudent and proximately caused the collision and resulting injury." *Fleeman v. Coal Co.,* 214 N. C., 117.

And the same requirement holds good as to proof of contributory negligence. In *Liske v. Walton,* 198 N. C., 741 (742), we find: "There is no essential difference between negligence and contributory negligence, except that in actions like the present one, the negligence of plaintiff is called contributory negligence." *Sebastian v. Motor Lines,* 213 N. C., 770.

In this cause the plaintiff found the defendant on his right of way (sec. 2621 [293]) and had "the right to assume" and act on the assumption that the defendant would reasonably turn to his right-hand side of the highway so as to pass in safety. *Hancock v. Wilson,* 211 N. C., 129 (134); *Guthrie v. Gocking,* 214 N. C., 513; *Coach Co. v. Lee,* 218 N. C., 320.

The charge of the court below covers like a glove the statutes and decisions of this Court. The court below charged fully and correctly, charged what constituted actionable negligence, contributory negligence, proximate cause, greater weight of the evidence, placed the burden of the issues correctly on the respective parties, and charged the law applicable to the facts. I quote:

BARNES *v.* TEER.

"Now, gentlemen of the jury, in order to establish actionable negligence, the plaintiff is required to satisfy you, first, that the defendant has failed to exercise due care in the performance of some legal duty which the defendant owed to the plaintiff under the circumstances in which they were placed, and, second, that such failure on the part of the defendant was the proximate cause of the collision. Due care is the care which a person of ordinary prudence should use under the same or similar circumstances when charged with a like duty; the failure to exercise due care when it becomes the proximate cause of a collision or injury, if such failure was negligence, then if it becomes the proximate cause of the collision, it becomes actionable negligence.

"Proximate cause is that cause without which the injuries would not have been sustained. It is the real efficient cause, a cause operating in continuous sequence, without the intervention of any new or independent cause, produced the injury complained of and one which the defendant, in the exercise of due care, should have foreseen would result in injury, not necessarily the injury complained of, but some injury, and should have provided against it, so that in every case involving negligence there are three things necessary to its existence:

"First, the existence of a *legal duty* owing from the defendant to the plaintiff; second, the failure on the part of the defendant to *exercise due care* in the performance of that duty, and, third, *injuries proximately resulting* from such failure. When these three elements unitedly occur, they constitute actionable negligence. The absence of either one is fatal to the plaintiff's case, so when you come to answer this issue, the first thing you want to know is what duty was owing from the defendant to the plaintiff under the circumstances in which they were placed." The trial court then applies the law applicable to the facts in this case and charges the jury:

"The law requires that every person operating an automobile on the public highways *shall operate it in a manner which is prudent and reasonable under the circumstances and in the light of the attending circumstances, both as to speed and the manner of operation.* Defendant owed the plaintiff the duty on this occasion to exercise due care in operating his automobile in a manner which was prudent and reasonable in the light of the attending circumstances. *Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the right of way as nearly as possible,* so defendant owed the plaintiff the duty to drive its truck on the right-hand side of the road and to yield to the plaintiff at least one-half of the main traveled portion of the highway.

"The defendant further owed the plaintiff the duty to keep a proper lookout and when circumstances require to give a timely warning signal

of his approach, to keep his car under control, drive it at a reasonable rate of speed commensurate with the circumstances surrounding the parties at the time. *The driver of each automobile who is himself observing the rule has a right ordinarily to assume the driver of the other automobile will also observe the rule and thus avoid a collision between the two automobiles when they meet each other. Neither is under the duty to the other to anticipate a violation of the rule by him.*

"When the driver of one of the automobiles is not observing the rule when the automobiles approach each other, the other may assume before the automobiles meet the driver of the approaching automobile will turn to his right, so that the two automobiles may pass each other in safety. One is not under the duty of anticipating negligence on the part of the other, but in the absence of anything which gives or should give notice to the contrary, a person is entitled to assume and act on the assumption that others will exercise ordinary care for their own safety. A person operating an automobile and is himself exercising due care has the right to act upon the assumption that every person whom he meets will also exercise ordinary care and caution according to the circumstances and will not negligently or recklessly expose himself to danger but rather make an attempt to avoid it, but when an operator of a motor vehicle has had time to realize, or by the exercise of proper care and watchfulness should realize that a person whom he meets is in somewhat helpless condition or apparently unable to avoid the approaching automobile, he must exercise increased exertion to avoid the collision. While it is incumbent upon the plaintiff to satisfy the jury by the greater weight of the evidence that defendant was negligent in one of the respects which the plaintiff alleges he was negligent, plaintiff is not bound to prove more than enough to raise a fair presumption of negligence on the part of the defendant and the resulting injury to plaintiff.

"Direct evidence of negligence is not required, but same may be inferred from acts and attendant circumstances, and if the facts proved by the greater weight of the evidence establish the more reasonable probability that the defendant has been guilty of actionable negligence, you will answer the first issue 'Yes.' The burden is upon the plaintiff to satisfy you by the greater weight of the evidence in the case of his contentions.

*"If you find, by the greater weight of the evidence, that on the occasion in question,* while the plaintiff was driving his car at a reasonable rate of speed on his right-hand side of the road, exercising due care for his own protection, that the defendant's truck was being operated without due care and under circumstances which plaintiff relates here, on the wrong side of the road, that is, on the truck driver's left-hand side of the road, so that the plaintiff could not, in the exercise of due care, pass the truck in safety, and that in consequence of that manner of operation

by the defendant's truck driver, the two cars came into contact with each other and as a proximate result of that the plaintiff's car was knocked off the road, turned over, and the plaintiff injured, if you find such conduct on the part of the defendant of the failure to exercise due care and it was the proximate cause of the plaintiff's car turning over and injuring plaintiff, then you would answer the first issue 'Yes,' but if you are not so satisfied you would answer it 'No,' the burden being upon the plaintiff to so satisfy you, or, if the evidence is so evenly balanced in your minds you are unable to say how the fact is, it would be your duty to answer the issue 'No,' because the burden is on the plaintiff to satisfy you by the greater weight of the evidence. If you answer the first issue 'No'—find that the defendant was not negligent—then you would not answer the second issue nor the third issue, but if you answer the first issue 'Yes,' you would come to a consideration of the second issue."

On the second issue as to contributory negligence, the court charged, in part:

"The law which I have given you in the case on the first issue applies to the parties on the second issue. It applies alike to both parties. The law which I have read to you and given you applies to each of the parties alike, and it is your duty to consider the facts under the rules which I have given you.

"*Contributory Negligence* is the want of ordinary care on the part of a person injured by the actionable negligence of another, combining and concurring with that negligence and contributing to the injury as a proximate cause thereof without which the injury would not have occurred.

"There may be two proximate causes or may be more than one proximate cause.

"If you find from the evidence although the defendant was guilty of negligence that the plaintiff also was guilty of negligence, and the two negligences each combining, concurring with the other, coöperating together, were both the proximate cause of the collision and consequent injuries, you would answer this issue 'No,' because plaintiff would not be entitled to recover anything from the defendant.   .   .   .

"Mr. Hartshorn: Answer it 'Yes,' Your Honor. Court: Strike out the 'No,' and answer it 'Yes'; if you find those to be the facts, because the plaintiff is not entitled to recover where he was negligent and his negligence became one of the proximate causes of the collision and injuries he complains of.

"For injuries negligently inflicted upon one person by another there can be no recovery of damages if the injured person by his own negligence, or by the negligence of another legally imputable to him, proximately contributed to the injury.

27—219

"Contributory negligence is such an act or omission on the part of the plaintiff amounting to a want of due care, as, concurring and co-operating with the negligent act of defendant, is a proximate cause or occasion of the injury sustained. Two elements at least are necessary to constitute contributory negligence. First: A want of due care on the part of the plaintiff, and, second, a proximate connection between the plaintiff's negligence and the injury. These are the vital questions to be determined upon this issue of contributory negligence. There must be not only negligence on the part of the plaintiff, but contributory negligence, a real causal connection between the plaintiff's negligent act and the injury."

Section 2616, *supra,* provided a speed limit of ten (10) miles an hour "upon approaching an intersecting highway, a bridge, dam, curve, or deep descent." The Court in the *Wooten case, supra,* said that this section "speed limit of 10 miles per hour" did not apply to "an intersecting highway." We said before, following this precedent, and I say now that it does not apply to a curve or deep descent. In the *Wooten case, supra,* "intersecting highway" does not apply, it follows that "curve or steep descent" in the same paragraph does not apply to the facts in the instant case. Defendant's contention is, I think, illogical and cannot be sustained. Furthermore, chapter 407, Public Laws of 1937, sec. 103, *supra,* is the present law governing this case. The repealing clause wipes out all other laws in regard to "speed restrictions."

I think the charge does not impinge C. S., 564, taking the charge as a whole. It sets forth the contentions of plaintiff and defendant fully and accurately and applies the law applicable to the facts. This section should never be applied to subordinate features of a charge, but only material and essential features, as was set forth by *Schenck, J.,* in *Mack v. Marshall Field & Co.,* 218 N. C., 697, and cases cited. The vice in the construction of the statute is where subordinate features are taken to impinge the charge and where upon the charge, taken as a whole, there is no prejudicial or reversible error. This difference has been the bone of contention.

In *Boon v. Murphy,* 108 N. C., 187, decided over a half century ago, at pp. 190-191, it is said: "As to the exception that the judge did not repeat the testimony nor recapitulate it beyond the summary of it which appears in the charge, the precedents are amply that this is not error, unless the appellant had requested the recital in full of the testimony or of such parts as he deemed material, and which had been omitted by the Court. The law is so stated by *Taylor, C. J.,* in *State v. Morris,* 3 Hawks, 388, and approved by *Henderson, C. J.,* and *Ruffin, J.,* in *State v. Lipsey,* 14 N. C. (3 Dev.), 486, where it is again held 'the Judge is not bound to charge on all the facts that being a matter left to

his discretion.' In *State v. Haney,* 19 N. C. (2 Dev. & Bat.), 390, it is held by *Gaston, J.,* citing *State v. Lipsey,* that the 'Judge is not bound to recapitulate all the evidence to the jury; it is sufficient for him to direct their attention to the principal questions which they have to investigate and to explain the law applicable to the case, and this particularly when he is not called upon by counsel to give a more full charge.' The construction placed by these eminent Judges upon the act of 1796 (now The Code, sec. 413), (N. C. Code, 564), has been recognized and followed by numerous cases. The jury being the judges of the fact, the object of the recapitulation is to so place the facts before the jury that the Judge can 'declare and explain the law arising thereon,' which is his province. When the facts are simple, or the Judge 'directs the attention of the jury to the principal questions, they have to investigate,' as here, by stating the respective contentions of the parties, the failure to recapitulate the evidence is not error. If either party wishes fuller instructions, he should ask for them, and if any material evidence is omitted he should call it to the attention of the Court. To permit a party to ask for a new trial because of an omission of the Judge to recite all the details of prolix testimony, or for an omission to charge in every possible aspect of the case, would tend not so much to make a trial a full and fair determination of the controversy as a contest of ingenuity between counsel. The proper course is for counsel to ask, before the charge, for instructions on the point of law he deems material, and to direct the attention of the Judge, after hearing the charge; to any omission of important evidence which he may have made. The appellant should present his views on these matters in apt and proper time and not 'speculate upon the verdict.' If he is silent when he should speak, he ought not to be heard when he should be silent. It is too late certainly after verdict to raise the objection that the Judge did not charge upon a particular aspect of the case. *Morgan v. Lewis,* 95 N. C., 296; *King v. Blackwell,* 96 N. C., 322; *Willey v. R. R.,* 96 N. C., 408, and cases there cited; or omitted to recapitulate any part of the evidence, *State v. Grady,* 83 N. C., 643, and cases cited; *State v. Reynolds,* 87 N. C., 544. Nor do we think the Judge failed to declare and explain the law applicable to the evidence. If it was not as full as the appellant desired, it was his own fault that he did not, in apt time, ask for special instructions. *State v. Bailey,* 100 N. C., 528, and cases there cited."

The defendant rehashed well defined principles, not applicable to the facts in this case. I think the court below charged the rule of law and applicable statutes governing the operation of motor vehicles in conformity with the facts in this case. Judge Nettles, on an appeal from the General County Court of Buncombe County, overruled all the exceptions and assignments of error made by defendant. I thought before,

and think now, that none of the exceptions and assignments of error made by defendant in the court below can be sustained. On the whole record there was no prejudicial or reversible error.

The charge of Judge J. P. Kitchin is a long and carefully prepared one, some 20 pages. I think he applied the law in a clear, concise and correct manner, applicable to the facts. Since the trial of this case, Judge Kitchin has "crossed over the River and rests in the shade of the Tree," mourned by the people of this commonwealth for his fine qualities of heart and mind.

I now come to the main opinion on this rehearing. It says: "The case was brought back because of an alleged oversight in disposing of the following question presented by the 11th exception: In an action involving a highway injury, where there are statutes on the subject, some of evidentiary significance, and the general principles of the common law are also applicable, is it a sufficient compliance with the provisions of C. S., 564, for the trial court to instruct the jury on the general principles of negligence and contributory negligence without any reference to the pertinent statutes? In originally upholding the judgment, this question was inadvertently answered *sub silentio* in the affirmative."

The trial court did exactly, as I view it, what the main opinion says it did not do. The authorities cited are not applicable to the facts in this case or the charge of the trial court. Defendant's *main contention* in the former case and on the rehearing, that C. S., 2616, *supra,* as to 10 miles an hour, is not the law upon approaching a "sharp curve," but it has been repealed and cites ch. 407, Public Laws 1937, sec. 103, which the original opinion was principally predicated upon—also the *Wooten case, supra,* and there was no prejudicial or reversible error.

The charge of the trial court of some 20 pages, cannot be impinged as it is so complete and thorough, but this rehearing opinion picks out the 11th exception of defendant that reads as follows: (C. S., 564) "The defendant excepts to the charge for that the Judge did not state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon."

In the original opinion it was held that there was no prejudicial or reversible error in the charge and the court did not impinge C. S., 564. There was one dissent to that opinion.

I said, concurring in the able opinion of *Devin, J.,* in *Caldwell v. R. R.,* 218 N. C., 63 (82), speaking of C. S., 564: "The policy of the State differs from the Federal rule and the rule in most states, and the section has been the subject of much criticism. . . . Usually a litigant who can find no prejudicial or reversible error cries out C. S., 564. Madam Roland, a famous French Lady during the French Revolu-

tion, when on the scaffold, looking at the statue of Liberty which stood there, said bitterly, 'Oh Liberty, what crimes are committed in thy name.' I might paraphrase this quotation by saying: 'Oh, C. S., 564, what injustice, by technical, attenuated and cloistered reasoning, is committed in thy name.' A Court should be slow to 'pick up' C. S., 564, to overthrow a verdict of a jury—the 'palladium of our civil rights,' the rock on which free and orderly government is founded."

Our great *Chief Justice Ruffin,* in *State v. Moses,* 13 N. C., 452 (464), in 1830 (over 110 years ago), said: "This law was certainly designed to uphold the *execution of public justice,* by freeing the Courts from those *fetters of form, technicality and refinement,* which do not concern the substance of the charge, and the proof to support it. Many of the sages of the law had before called nice objections of this sort a *disease of the law, and reproach to the bench.*"

We should see that justice is administered on the whole record and merits of the case, where there is no essential or material matter omitted, that would constitute prejudicial or reversible error. We should "Go forward" and hew to the line of justice under law and let the chips fall where they may. *Fiat justitia, ruat coelum,*—Let justice be done, though the heavens fall.

DEVIN, J., dissenting: I think this case was fairly tried by a competent judge and an intelligent jury, and the result ought not to be disturbed. After careful consideration of the case by this Court, following arguments clearly presenting both sides, it was so held. *Barnes v. Teer,* 218 N. C., 122, 10 S. E. (2d), 614. A majority of the Court now vote for a new trial. I cannot agree.

The case as originally tried was almost entirely a question of fact, arising out of conflicting claims about a collision of motor vehicles on the highway. No unusual or complicated principle of law was involved. It was a case where each party claimed he was on the right side of the road and the other party on the wrong side. Jurors familiar with the operation of automobiles and capable of judging the credibility of witnesses decided in favor of the plaintiff. Their decision ought to stand. Verdicts and judgments ought not to be set aside except for some reason materially impeaching the fairness of the trial, or for some error of law prejudicial to the complaining party, and which obviously affected the result. It has been repeatedly said by this Court that the burden is on the appellant not only to show error but also to show that the ruling complained of was material and prejudicial, amounting to a denial of some substantial right. *Collins v. Lamb,* 215 N. C., 719, 2 S. E. (2d), 863.